533 A.2d 998

Judith L. SWEENER, Administratrix of the Estate of Kyle Jon Sweener, Deceased, and Judith L. Sweener, Administratrix of the Estate of Kyle Jon Sweener, Trustee Ad Litem, Appellant,

v.

The FIRST BAPTIST CHURCH OF EMPORIUM, PENNSYLVANIA, and Kenneth D. Shaffer, Jr., Appellee,

and

Michael John Lucov, Jr., Appellee.

Supreme Court of Pennsylvania.

Argued Sept. 23, 1987.

Decided Dec. 2, 1987.

Joseph J. Malizia, Emporium, for appellant.

Frederick N. Egler, Jr., Pittsburgh, for Michael John Lucov, Jr.

Norbert J. Pontzer, Ridgway, for The First Baptist Church and Kenneth D. Shaffer, Jr.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from a memorandum opinion and per curiam order of the Superior Court which affirmed an order of the Court of Common Pleas of Cameron County denying motions for post-trial relief in a wrongful death and survival action brought by the appellant, Judith L. Sweener, 512 A.2d 58. The incident giving rise to this action occurred on November 22, 1981, when appellant's seven year old son, Kyle Jon Sweener, was fatally injured while crossing a highway. Upon exiting from a bus used for transporting children to and from the First Baptist Church of Emporium (hereinafter Church), Kyle Jon Sweener was killed when he was struck by a vehicle operated by Michael John Lucov, Jr.

Following this incident, a joint tortfeasor release was negotiated whereby, in consideration for a payment of $4,500.00, decedent's parents waived claims against both the Church and the unpaid volunteer who had been driving the Church bus at the time of the accident, Kenneth D. Shaffer, Jr. A wrongful death and survival action was then brought against Lucov, and, notwithstanding the existence of the release, against the Church and Shaffer as well. On October 14, 1984, however, a summary judgment was entered in favor of the Church and Shaffer, inasmuch as the release was dispositive as to the liability of those parties. Entry of the summary judgment had been opposed by appellant on grounds the release had allegedly been fraudulently induced, but no appeal was taken. Rather, the case proceeded promptly to trial, as was necessary to resolve questions pertaining to the existence of and apportionment of negligence among all of the defendants so as to determine the liability of Lucov. Accordingly, the Church and Shaffer were found to be 70 per cent negligent, the decedent 30 per cent negligent, and Lucov 0 per cent negligent. Inasmuch as the summary judgment had absolved the Church and Shaffer from liability, and Lucov was found not to have been negligent, no damages were recoverable. Various post-trial motions were filed during the latter part of

October, 1984, and these raised, inter alia, the propriety of the summary judgment. Post-trial motions were denied, however, on April 16, 1985.

An appeal was then taken to the Superior Court, whereupon the issue of the appealability of the summary judgment was examined sua sponte, and it was held that failure to have filed an appeal within 30 days after entry of the summary judgment precluded further consideration of whether, on the merits, the summary judgment was properly entered. We agree.

Under Pa.R.A.P. 903(a), there is a requirement that a notice of appeal be filed within 30 days after entry of an order from which an appeal is to be taken. Appeals can generally be taken only from orders which are final, rather than interlocutory, in nature. *Piltzer v. Independence Federal Savings and Loan Assn.*, 456 Pa. 402, 406, 319 A.2d 677, 678 (1974). The policy of permitting appeals to be taken only from final orders exists "to preclude piecemeal determinations and the consequent protraction of litigation." *Sullivan v. Philadelphia*, 378 Pa. 648, 649, 107 A.2d 854, 855 (1954). In the present case, the notice of appeal was not filed until after post-trial motions were denied on April 16, 1985, thus more than six months after the summary judgment was entered. Clearly, the 30 day period for taking an appeal from the summary judgment was exceeded, unless, as appellant argues, it can be concluded that the summary judgment did not constitute a final order.

In *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 228, 348 A.2d 734, 735 (1975), this Court stated, "The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications." With regard to summary judgments, it is well established that an order *denying* a motion for summary judgment is interlocutory and therefore not normally appealable. *Pennsylvania Turnpike Commission v. Atlantic Richfield Co.*, 482 Pa. 615, 394 A.2d 491 (1978). It is equally clear,

however, that an order *granting* a defendant's motion for summary judgment has been held to be a final and appealable order. *Id.* This is so notwithstanding the fact that entry of a summary judgment may in some cases not terminate litigation regarding recovery of other separate and distinct losses claimed against the same defendant, *Id.*, 482 Pa. at 619, 394 A.2d at 493, or as to claims asserted against other defendants. Cf. *U.S. National Bank in Johnstown v. Johnson*, 506 Pa. 622, 628–629, 487 A.2d 809, 813 (1985) (dismissal of action as to one of multiple defendants held to be a final and appealable order); *Love, Administrator v. Temple University*, 422 Pa. 30, 220 A.2d 838 (1966).

■■■ A pivotal consideration in determining whether an order is final and appealable is whether the plaintiff aggrieved by it has, for purposes of the particular action, been put "out of court" on all theories of recovery asserted against a given defendant for a given loss. See *Alessandro v. State Farm Mutual Auto Insurance Co.*, 487 Pa. 274, 279–281, 409 A.2d 347, 350–351 (1979); *Pennsylvania Turnpike Commission v. Atlantic Richfield Co.*, supra.; *J.A. & W.A. Hess, Inc. v. Hazle Township*, 465 Pa. 465, 470–471, 350 A.2d 858, 861 (1976) (order not final unless it puts plaintiff "out of court" on his cause of action against a particular defendant); *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. at 229, 348 A.2d at 736. In the present case, the summary judgment entered in favor of the Church and Shaffer had the practical effect of precluding appellant from further litigating the validity of the joint tortfeasor release, and, thus, litigation was for all practical purposes terminated as to those defendants, even though they participated in the subsequent trial for purposes of determining the potential liability of the remaining defendant, Lucov. In short, the summary judgment put appellant "out of court" insofar as any possibility of recovery against the Church and Shaffer. It was, therefore, a final and appeal-

able order. Since an appeal was not taken within 30 days, appellate review was waived.[1]

Order affirmed.

McDERMOTT, J., dissents.

HUTCHINSON, Former J., did not participate in the consideration or decision of this case.

1. We granted the Petition for Allowance of Appeal in this case primarily to permit review of the Superior Court's holding that appellant's failure to take a timely appeal from entry of the instant summary judgment precluded further review of that judgment. Other issues raised by appellant have, nevertheless, been examined, but none have been found to be of merit.

Specifically, appellant contends that the jury's verdict was contrary to instructions and against the weight of the evidence, insofar as Lucov was found not to have been negligent. Examination of the record, however, provides ample basis for the jury's finding, since there was evidence to the effect that Jon Kyle Sweener entered the path of Lucov's vehicle in such a manner as to provide Lucov no reasonable opportunity to avoid impact.

The next issue arises from the fact that appellant introduced testimony from a police officer relating to certain distances that were descriptive of the accident scene. On cross-examination, counsel for Lucov elicited the fact that such testimony was speculative to the extent that it was based directly upon an assumed point of impact, and the assumed point of impact was revealed. Appellant asserts that testimony regarding the assumed point of impact should have been excluded as speculative. Appellant cannot introduce speculative testimony and then be heard to complain when the basis for that testimony is revealed on cross-examination.

Appellant further claims that the trial court erred in instructing the jury on a number of points. First, it is asserted that no instruction should have been given on the "sudden emergency doctrine," since Lucov's negligence allegedly created the emergency. However, the record contains an adequate basis for concluding that Lucov was not negligent in that regard. Next, appellant claims the jury should not have been instructed on a motorist's duty of care when driving in areas that are not public crossings. Since there were no public crossings at the scene of the accident, the instruction was entirely proper.

The remainder of the arguments raised by appellant include challenges to the sufficiency of jury instructions on the Church's duty of care, and challenges to testimony and instructions regarding the measurement of damages. These arguments need not be addressed, however, inasmuch as the Church's liability was negated by the joint tortfeasor release, and Lucov was found not to have been negligent.

There exists no party against whom damages could have been assessed.