573 A.2d 549

**Julie SCHUETZ, a minor, By and Through her Parents and Guardians, Mark and Judy DOMANICO & Mark and Judy Domanico, in their own right, Appellants,**

v.

**Alan H. GOLDBERG, M.D., Mario A. Ercole, M.D., Quakertown Community Hospital, The Alliance for Creative Development, Phyllis Shuhler, M.D., Family Health Care Center, David L. Scasta, M.D., and Ruth N. Ryan, RN, MSN, Appellees.**

**Julie SCHUETZ, a Minor, By and Through her Parents and Guardians, Mark and Judy DOMANICO & Mark and Judy Domanico, in their own right, Appellants,**

v.

**Sandra L. BLOOM, M.D., Robert Wieman, PH.D., Magdalene Wiltz, M.D., Susan N. Au, M.D., Freddie Hillman, M.D., Paul Marion, M.D., and Morris Levin, M.D., Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1988.

Filed Nov. 8, 1989.

Jonathan D. Bennett, Philadelphia, for appellants (at 1868 and 1869).

Christine M. Mooney, Philadelphia, for Goldberg, appellee (at 1868).

David Arnold, Norristown, for Family Health Care, appellee (at 1868).

Ralph L. Hose, Ardmore, for Levin, appellee (at 1869).

Before OLSZEWSKI, BECK and JOHNSON, JJ.

PER CURIAM:

Appeal quashed. Jurisdiction relinquished.

OLSZEWSKI, Judge, dissenting:

I respectfully dissent. Negligent infliction of emotional distress is a separate and distinct cause of action from medical malpractice; therefore, the trial court's order dismissing the claim for emotional distress is appealable. Consequently, I would not quash this appeal.

I agree with the majority that the case at bar is controlled by *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983), and *Cloverleaf Development v. Horizon Financial F.A.*, 347 Pa.Super. 75, 500 A.2d 163 (1985); I disagree, however, with the majority's conclusion from these cases. In *Cloverleaf*, this Court stated:

> Where the dismissal of one count or several counts of a multi-count complaint has the effect of precluding the plaintiff from pursuing the merits of separate and distinct causes of action, the order sustaining preliminary objections is then final, not interlocutory, with respect to those causes of action dismissed. The plaintiff is "out of court" with respect thereto. *Id.* [313 Pa.Super.] at 339, 459 A.2d at 1258–1259. This is to be distinguished from the situation in which separate counts have been used to state alternate theories to support recovery on the same cause of action. In such cases, the dismissal of one count does not prevent the plaintiff from proceeding to a determination of the underlying cause of action. *Id.* at 341, 459 A.2d at 1260.

*Id.*, 347 Pa.Superior Ct. at 166–67, 500 A.2d at 166–167. Similarly, in *Danko Dev. Corp. v. Econocast Corp.*, 369 Pa.Super. 120, 128, 534 A.2d 1108, 1112–1113 (1987), the Court noted that when a party appeals one count of a multi-count complaint, "we focus our attention on the nature of the counts to determine if they set forth separate

causes of action, rather than alternate theories of recovery."

In the case at bar, I cannot conclude that appellant is pursuing one cause of action based upon two different theories of recovery. Instead, I believe appellant is seeking two distinct types of relief: recovery for her physical injury in her malpractice claim, and damages for emotional disturbance in her claim for negligent infliction of emotional distress. Appellant is "out of court" as to her individual claims for negligent infliction of emotional distress against each of the objecting defendants; thus, the dismissal of those claims is appealable.

The majority notes that "[b]oth Schuetz' allegations of negligent infliction of emotional distress and medical malpractice arise out of the same factual circumstances." This fact is not controlling. In *Capanna v. Travelers,* 355 Pa.Super. 219, 513 A.2d 397 (1986), this Court held a survival loss claim to be separate and distinct from a wrongful death claim, even though both claims arise from a single incident. This Court noted that the claims were different types of relief designed to reimburse a party for different losses. *Capanna,* 355 Pa.Super. at 224, 513 A.2d at 400. Similarly, in the case at bar, the claims for negligent infliction of emotional distress and medical malpractice involve different types of relief for different harms.

It is instructive to contrast the case at bar with *J.A. and W.A. Hess, Inc. v. Hazle Township,* 465 Pa. 465, 350 A.2d 858 (1976). In *Hess,* a corporation alleged that it had not been paid for over 6,000 tons of gravel delivered to Hazle Township. In count one of its complaint, the corporation stated that $23,500 was due under an "agreement." The second count of the complaint alleged that, even if no agreement existed in fact or law, appellant was entitled to the fair market value of the gravel, which was $23,500. In response to the complaint, defendant Township filed preliminary objections demurring to appellant's complaint. These

objections were sustained by the trial court as to count one but overruled as to count two. After a non-jury trial, damages were awarded and judgment entered. On appeal, our Supreme Court found that the trial court order dismissing count one of the complaint was not a final order. The *Hess* Court stated:

We note that the appellant may have contributed to the confusion by the labels used in its complaint. While the labels purport to identify separate causes of action, the two parts of the complaint really assert two different legal theories in support of recovery, one on the theory of an express contract and the other on a theory of quasi-contract. Both of these theories are based on the same transaction. A litigant's labels, however, cannot be the determining factor in whether an order is final for the purposes of appeal. The appellant did not receive a final order from which an appeal could have been filed until a verdict and judgment was entered ordering the township to pay $350.

*Id.*, 465 Pa. at 471, 350 A.2d at 861–862.

Unlike the corporation in *Hess*, appellant in this case does not seek the same damages using alternate theories of recovery. Instead, appellant's damages are cumulative, that is, in addition to the damages that are recoverable in a malpractice action. For this reason, I conclude that the instant trial court order is final. Accordingly, I must respectfully dissent.