583 A.2d 1193

**TRACKERS RACEWAY, INC., Appellant,**

**v.**

**COMSTOCK AGENCY, INC., a Corporation; Allied Specialty Insurance, Inc., a Corporation; American Columbus Insurance Company, a Corporation; T.H.E. Insurance Company; Southwestern Fire and Casualty, a Corporation; John Branish; and Harold Churns, an Individual, Appellees.**

Superior Court of Pennsylvania.

Argued May 31, 1990.

Filed Dec. 14, 1990.

Peter Molinaro, Jr., Pittsburgh, for appellant.

Michael L. Magulick, Pittsburgh, for Comstock & Branish, appellees.

Arthur J. Murphy, Jr., Pittsburgh, for Allied Specialty, appellee.

Before ROWLEY, WIEAND, OLSZEWSKI, MONTEMURO, BECK, KELLY, POPOVICH, JOHNSON and FORD ELLIOTT,* JJ., En Banc.

OLSZEWSKI, Judge:

In this case, we are asked to decide whether an order dismissing two out of five counts of a complaint is an immediately appealable final order. We must therefore also examine the doctrine of appealability announced in the seminal case of *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983). Applying the *Praisner* standard, we conclude that the trial court's order dismissing counts IV and V of appellant's complaint is final and appealable.

---

\* FORD ELLIOTT, J., did not participate in the consideration or decision of this case.

The factual history of the case is as follows. In 1987 appellant, Trackers Raceway, Inc., filed a five-count complaint against appellees, Comstock Agency, Inc.; Allied Specialty Insurance, Inc.; American Columbus Insurance, Inc.; T.H.E. Insurance Company; Southwestern Fire and Casualty, Inc.; John Branish and Harold Churns. The complaint alleged a number of facts. Trackers is a go-cart track operator, regulated by the Pennsylvania Department of Agriculture. Departmental regulations mandated that insurance coverage of the track be written only by insurers authorized to do business in the Commonwealth of Pennsylvania.

Trackers sought to obtain insurance coverage in mid-1986. Appellant contacted appellee Branish, an insurance agent for the Comstock agency, in order to procure the necessary coverage. Coverage was eventually obtained through American Columbus Insurance, predecessor of appellee T.H.E. Appellant paid the premium of $21,250 for the coverage, but was advised, shortly thereafter, that American was not authorized to do business in Pennsylvania and that operation of the track without other coverage would subject appellant to heavy fines.

In response to the Department of Agriculture's warning, appellant ceased its operations for approximately three weeks, during which it obtained coverage with another insurer which was duly licensed in Pennsylvania. Appellant alleges that the insurance policies issued by American were not in compliance with Department of Agriculture regulations, and did not conform to the representations of Branish and Comstock regarding the terms and conditions of coverage. Appellant proceeded to demand a refund of the full premium paid, but the demand was refused.

Trackers' complaint contains five counts. All of the counts are against all defendants, consistent with the allegation that all defendants acted in concert and/or are the agents of one another. All counts incorporate by reference all of the factual allegations contained in the first 45

paragraphs of the complaint. Furthermore, all counts incorporate appellant's general demand for relief whereby Trackers seeks recovery against the defendants, jointly and severally, for damages in excess of $20,000, including damages resulting from business interruption, insurance premiums, attorney's fees, costs, and expenses.

In Count I, appellant alleges a breach of agreement to place insurance as mandated by Pennsylvania law, a breach of fiduciary duty, and misrepresentation based on the failure to place proper insurance and on deficiencies in the terms and conditions of the policies. The relief sought is for damages, costs, and fees.

Count II alleges misrepresentation; violation of Pennsylvania law, rules and regulations of the Pennsylvania Insurance Department; and wanton, willful, and reckless conduct. The relief sought is the same as in the first count.

Count III alleges misrepresentation, fraud, and deceit, specifically in misrepresentation of the terms and conditions of the American policies, and negligent and/or reckless conduct in failing to comply with Pennsylvania statutes and with the rules and regulations of the Pennsylvania Insurance Department, Department of Agriculture, and Corporations Bureau. Appellant also alleges that the foregoing conduct constituted a breach of agreement with and fiduciary duty to Trackers. Relief sought is for compensatory and punitive damages.

Counts IV and V are at issue in this appeal. In count IV, appellant alleges that the actions of defendants set forth in all of the preceding paragraphs of the complaint constitute unfair or deceptive practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 Pa.Stat. Ann. § 202–1 (Supp.1990), and demands treble damages, fees, and delay damages. Count V alleges that the foregoing actions constitute violations of the Insurance Department Act of 1921, Pa.Stat.Ann. tit. 40, § 235 (Purdon 1971), and demands damages.

All defendants filed preliminary objections in the nature of a motion to strike, and the trial court dismissed counts

four and five. Appellant then filed this appeal to the Superior Court of Pennsylvania, which granted *en banc* consideration in order to focus on whether the order appealed from is final and appealable.

■ Generally, an appeal will lie only from a final order unless otherwise permitted by statute or rule of court. *Pugar v. Greco*, 483 Pa. 68, 72–73, 394 A.2d 542, 544 (1978). An order is interlocutory and not final unless it puts a litigant out of court. *Allesandro v. State Farm Mutual Auto Ins. Co.*, 487 Pa. 274, 281, 409 A.2d 347, 351 (1979); *Giannini v. Foy*, 279 Pa.Super. 553, 556, 421 A.2d 338, 339 (1980). Pa.Rules Civ.Proc., Rules 1020(a), 1044(a); Pa.Rules App.Proc., Rule 1972, 42 Pa.C.S.A.

This Court reviewed the applicable law in *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983). The standard of *Praisner* is as follows:

> As a general rule, an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable. *Gordon v. Gordon*, 293 Pa.Super. 491, 499, 439 A.2d 683, 686–687 (1981); *Stengena v. Madden*, 291 Pa.Super. 364, 366, 435 A.2d 1269, 1270 (1981); *Mitchell v. Center City Cadillac*, 287 Pa.Super. 350, 353, 430 A.2d 321, 322 (1981); *Bagshaw v. Vickers*, 286 Pa.Super. 246, 249, 428 A.2d 664, 666 (1981); *Giannini v. Foy, supra* 279 Pa.Super. at 556, 421 A.2d at 339. An examination of the cases so holding discloses that the basis upon which this general rule is founded is that in most instances when one count of a multi-count complaint has been dismissed, the plaintiff is not out of court and is not precluded from presenting the merits of his cause of action. In these cases, the courts have adhered to a policy which seeks to avoid piecemeal litigation. Following the general rule, this Court has ... held that an appeal will not lie from an order granting partial summary judgment.

*Id.*, 313 Pa.Superior Ct. at 337–338, 459 A.2d at 1258.

■ It has long been recognized that in ascertaining whether an order is final, we must look beyond the techni-

cal effect of the adjudication to its practical ramifications. *Bell v. Beneficial Consumer Discount Company,* 465 Pa. 225, 348 A.2d 734 (1975). In fact, *Praisner* stands for that very proposition. Under *Praisner,* "Certain orders which have not put a litigant literally out of court or completely terminated the litigation have nevertheless been held to possess sufficient aspects of finality to be appealable immediately because the effect of the order has been to preclude the litigant from asserting the cause of action alleged." 313 Pa.Super. 332, 459 A.2d at 1258–1259.

In *Praisner,* itself, appellant had alleged separate causes of action for false arrest, assault and battery, and malicious abuse of process. The trial court entered summary judgment in favor of appellant on the separate counts of the complaint which alleged causes of action for false arrest and malicious abuse of process. Appellant appealed the entry of these summary judgments to the Pennsylvania Superior Court, which held the appeal to be proper. While the appeal was pending, but before it had been decided, the cause of action for assault and battery was litigated to final judgment.

Fundamental to *Praisner* is the definition of a cause of action. A cause of action has been defined as "the fact or facts which give a person a right to judicial relief; the legal effect of an occurrence in terms of redress to a party to the occurrence. A situation or state of facts which would entitle a party to sustain action and give him the right to seek a judicial remedy in his behalf." Black's Law Dictionary, 5th Ed. (1979). In many cases, a separate cause of action can be distinguished from an alternate theory of recovery by looking at the relief requested. Alternate theories of recovery are different means for obtaining the same relief for the same harm caused by the same party. A plaintiff cannot recover on all the alternate theories, as this would constitute a duplicative recovery. *Garofolo v. Shah,* 400 Pa.Super. 456, 583 A.2d 1205 (1990) (*en banc,* Olszewski, J., concurring).

On the contrary, a separate cause of action requests different relief for different harms. A party may potentially recover complete relief on each of the separate causes of action. In close cases, additional factors must be considered in determining whether a party has alleged separate causes of action or multiple theories of recovery for a single cause of action.

Admittedly, in the case at bar, we have an inartfully drafted complaint which may make it more difficult to apply the *Praisner* standard. There is considerable overlap among the first three counts; e.g., misrepresentation, fraud and deceit, and breach of fiduciary duty.[1] We must not be misled, however, by the labels used by litigants in drafting their complaints. *Capanna v. Travelers Insurance Co.*, 355 Pa.Super. 219, 513 A.2d 397 (1986). Labels may often be confusing and we must, therefore, look beyond them.

It is clear, however, that under *Praisner*, the trial court order dismissing counts four and five of the instant complaint was final and appealable because both counts state separate and distinct causes of action which are based on two different statutes. Count IV of appellant's complaint alleges liability based on violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201–1 *et seq.*, by all of the defendants. Appellant argues that the statute provides for a private cause of action to recover damages sustained as a result of the practices declared unlawful by the Act, and authorizes treble damages for such violation. Section 9.2 applies to the Insurance industry. *Hardy v. Pennock Insurance Agency, Inc.*, 365 Pa.Super. 206, 529 A.2d 471 (1987); *Pekular v. Eich*, 355 Pa.Super. 276, 513 A.2d 427 (1986).

Section 9.2(a) states the following:

1. For example, count III, paragraph 57 alleges, in pertinent part, misrepresentation, fraud, and deceit; i.e., failure to comply with *"all* applicable statutes of the Commonwealth of Pennsylvania and rules and regulations of the Pennsylvania Insurance Department, Pennsylvania Department of Agriculture and the Corporation Bureau." Plaintiff then proceeds, in counts IV and V, with two specific, statutorily-based allegations, including one for violations of the Insurance Department Act.

> Any person who purchases or leases goods or services *primarily* for *personal, family* or *household* purposes and thereby suffers any ascertainable loss of money or property, real or personal, as the result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this Act, may bring a private action to recover actual damages or one hundred dollars, whichever is greater. The Court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars, and may provide such additional relief as it deems necessary or proper.

73 P.S. § 201–9.2(a) (emphasis added).

■ Appellant did not purchase the policy "primarily for personal, family or household purposes." The insurance policy at issue was purchased for commercial purposes only. Appellant seeks damages arising from the interruption of its business operations due to the misrepresentations of defendants. Therefore, Trackers has failed to state a cause of action under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

■ Count V of the complaint alleges that the conduct of all of the defendants constituted a violation of the Insurance Department Act of 1921, 40 P.S. § 235. Section 235 provides in pertinent part:

> An insurance agent shall be personally liable on all contracts of insurance ... unlawfully made by or through him, directly or indirectly, for or in behalf of any company ... not authorized to do business in this Commonwealth. Any person soliciting risks, forwarding premiums, or counter-signing or delivering policies, shall be deemed to be the agent of the company ... within the meaning of this section.

40 P.S. § 235.

Here, appellant has not made any allegations of loss "on the contract," claims made, or judgments unsatisfied within the scope of coverage of the policies issued by defendants

so as to impose personal liability "on the contract," pursuant to 40 P.S. § 235. Thus, no cause of action has been stated under Section 235 of the Insurance Act.

To use the words of *Praisner*, appellant has been put "out of court" on two separate and distinct causes of action. The statutory bases for counts four and five are not mere alternate theories of recovery for the same cause of action as the other three counts.

We hold the order dismissing counts four and five to be final and appealable.

Order affirmed.

WIEAND and BECK, JJ., dissent.

FORD ELLIOTT, J., did not participate.

WIEAND, Judge, dissenting:

I respectfully dissent. The order sustaining preliminary objections in the nature of a demurrer to two of five counts of the complaint in this case is interlocutory. Therefore, under *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983), the appeal should be quashed.

The five counts of the complaint filed in this case aver different theories for allowing recovery for a single harm. All counts rely upon the same facts; all seek recovery for an alleged failure to provide appellant with proper insurance coverage for his business. Whether recovery is sought on the basis of common law principles or rights created by statute, appellant seeks recovery because he did not have proper insurance coverage. When the trial court dismissed two of five counts of the complaint, it did not put appellant "out of court" on the underlying cause of action for damages on account of such improper coverage. It did nothing more than limit the theories (and perhaps the damages) under which appellant's single cause of action would be given further consideration. Such a determination was comparable to a trial court's rejection of some but not all theories for recovery advanced by plaintiff at trial;

and like such a trial ruling, the order in this case is not immediately appealable.

BECK, Judge, dissenting:

This case was certified for en banc consideration because it raised a crucial question—the continuing viability of the doctrine of appealability announced in *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983). Rather than grappling with this question, however, the majority summarily finds that the order appealed from is appealable under *Praisner* and appears to rest this conclusion on no more than a general "sense" that this order somehow deprived appellant of the right to pursue a "separate cause of action."

I disagree. This appellant should not be before this court at this stage in this lawsuit. No order has been entered against appellant that either technically or pragmatically ends the litigation or puts appellant out of court. The order on appeal does no more than narrow the theories on which appellant may rely in trying its case. I would hold that the order on appeal is interlocutory because it does not dismiss all of plaintiff's claims for relief against any particular defendant. In my view, it is time to reconsider the entire appealability doctrine that *Praisner* injected into Pennsylvania law. The result of this reassessment is obvious. *Praisner* should be rejected as an unworkable and unwarranted standard of finality.

In *Praisner*, this court announced that in the context of a case involving a multi-count complaint an immediate appeal must be permitted to lie from the dismissal of some but not all of the pleaded counts if the effect of the dismissal was to preclude the litigant from asserting a separate cause of action. *Praisner* itself involved a three count complaint alleging assault and battery, false arrest and malicious prosecution. The latter two counts were dismissed and plaintiff appealed. The *Praisner* court allowed the appeal, finding that the order appealed from fell within an exception to the recognized principle that an order dismissing

fewer than all counts of a complaint was interlocutory. Opining that this principle was based on the fact that many orders dismissing some but not all of the claims in a complaint did not put the aggrieved party out of court, the *Praisner* court held that in some cases such a partial dismissal does put the litigant out of court on a separate cause of action and should be immediately appealable. *Id.*, 313 Pa.Superior Ct. at 336–40, 459 A.2d at 1258–9.

Fundamental to *Praisner* is the definition of a separate cause of action. Unfortunately, the *Praisner* court provided only what might be called "negative guidance" on the question of how to determine when a separate "cause of action" has been dismissed, stating that a cause of action is not to be equated with a legal theory of relief. The *Praisner* opinion illustrated this principle as follows:

> Thus, the dismissal of a count alleging damages for breach of an express contract is not appealable if an alternate count seeking to recover the same damages based on quantum meruit remains undecided. Similarly, there is no final order where a count averring negligence has been dismissed but there remains undetermined a count alleging liability for a defective product under Section 402A of the Restatement (Second) of Torts. For similar reasons, where one of several counts seeks to recover punitive damages in a complaint alleging breach of contract, a dismissal of that count does not put the plaintiff out of court on his underlying cause of action. Only if he is successful in his cause of action for breach of contract does the measure of damages become relevant. The same result obtains where a separate count seeking punitive damages in a trespass action has been dismissed.

*Praisner*, 313 Pa.Super. at 341–42, 459 A.2d at 1260.

This distinction is certainly helpful. But what is lacking is an actual definition of a separate cause of action. Thus, although *Praisner* tells us something about what is *not* a cause of action, it tells us little about what *is*.

The *Praisner* decision has created difficulties for courts who must apply it and for litigants who must predict how those courts will do so at the risk of suffering the quashal of their appeal as either premature or, worse, late.[1] The result has been the filing of protective appeals by counsel who do not know whether the order that has been entered against their client is final under *Praisner* and who understandably do not wish to take the chance that their client's appeal rights will be waived if an immediate appeal is not taken. *See Zarnecki v. Shepegi*, 367 Pa.Super. 230, 532 A.2d 873 (1987) (en banc) (Del Sole, J. and Beck, J., dissenting), *appeal denied*, 518 Pa. 643, 542 A.2d 1371 (1988). Such protective appeals not only burden the appellate courts but also materially delay the litigation.[2]

**1.** The failure to take an immediate appeal from an order that is characterized as final and appealable, despite the fact that it does not end the litigation, results in the loss of the right to appeal that order. *Mineo v. Tancini*, 349 Pa.Super. 115, 502 A.2d 1300 (1986); *Bell v. City of Philadelphia*, 341 Pa.Super. 534, n. 4, 491 A.2d 1386, 1389 n. 4 (1985).

**2.** The difficulties created by appealability doctrines that permit piece-meal appeals from orders that do not end the litigation or dispose of the entire case have prompted many calls for reform of our system of determining when an order is final and appealable. The Supreme Court has recently heeded certain of these calls, promulgating, for example, amendments to Pennsylvania Rule of Appellate Procedure 311(a) which reduce the number of interlocutory orders that are appealable under that rule.

There is presently pending before the Supreme Court a proposal from the Supreme Court's Advisory Committee on Appellate Court Rules to amend the rules of appellate procedure to create a system whereby orders disposing of less than an entire case might be certified for immediate appeal by the trial court where certain criteria have been satisfied. These changes would propose to institute a system very similar to that found in Federal Rule 54(b), which provides:

(b) Judgment Upon Multiple Claims or Involving Multiple Parties When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is

The heart of the problem is the proper definition of that chameleon-like phrase, "cause of action," which is determinative of appealability under *Praisner.* As the Supreme Court long ago remarked:

> The phrase "cause of action" is not susceptible of any single definition to be applied in all types of cases. In *Rooney v. Maczko,* 315 Pa. 113, 117, 172 A. 151, (1934) this Court quoted with approval that portion of the opinion in *U.S. v. Memphis Cotton Oil Co.,* 288 U.S. 62, 67, 53 S.Ct. 278, [280, 77 L.Ed. 619, (1933)] where Mr. Justice CARDOZO said: "A 'cause of action' may mean one thing for one purpose and something different for another....... At times and in certain contexts, it is identified with the infringement of a right or the violation of a duty. At other times and in other contexts, it is a concept of the law of remedies, the identity of the cause being then dependent on that of the form of the action or the writ. Another aspect reveals it as something separate from writs and remedies, the group of operative facts out of which a grievance has developed."

*Fisher v. Hill,* 368 Pa. 53, 58–9, 81 A.2d 860, 864 (1951).

Unless this phrase is clearly defined, there can be no consistent means of determining when a dismissal of part of a complaint has put a party out of court on a separate "cause of action" and is, therefore, appealable under *Praisner.* Most of the cases applying *Praisner* make no attempt to define this phrase, perhaps because the proper formula

subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Although the proper application of Rule 54(b) has been the subject of a great deal of litigation in the federal courts, since it is not always clear whether the trial court has correctly determined that the case before it involves multiple claims for relief and that final judgment should be entered as to a separate claim or claims, the rule nevertheless does provide litigants with certainty as to when they need take an immediate appeal and when they need not. If a litigant seeks to have an order certified for appeal under the rule and the trial court refuses, that litigant knows that he will not waive his right to appeal by waiting until the entire case is over. The rule also appropriately leaves to the trial court's discretion the determination of whether there is any just reason for delay of an appeal from an order disposing of less than all of the case.

for doing so has never been found. These cases simply conclusively state that the order appealed from either has or has not dismissed a separate cause of action, often doing so in a footnote that contains no discussion in support of the conclusion reached. *See, e.g., Krause v. Great Lakes Holdings, Inc. v. Penn Pocahontas Coal Co.,* 387 Pa.Super. 56, 563 A.2d 1182, 1185 n. 3 (1989); *Ganassi v. Buchanan–Ingersoll, P.C.,* 373 Pa.Super. 9, 540 A.2d 272, 274 n. 2 (1988); *Vogel v. Berkley,* 354 Pa.Super. 291, 511 A.2d 878, 879 n. 1 (1986); *Bell v. City of Philadelphia,* 341 Pa.Super. 534, 491 A.2d 1386, 1389 n. 4 (1985); *Black v. Board of Directors of West Chester Area School District,* 98 Pa.Commw. 91, 510 A.2d 912, 913 n. 1 (1986); *Morrow v. The Bell Telephone Co. of Pennsylvania,* 330 Pa.Super. 276, 479 A.2d 548 (1984).

Those cases that do attempt to explain their application of *Praisner* have not succeeded in formulating a definition of "cause of action" that can be consistently applied in future cases. *See generally Danko Development v. Econocast Corporation,* 369 Pa.Super. 120, 534 A.2d 1108 (1987) (noting inconsistencies between cases applying *Praisner*). A brief review of some of the cases reveals that the jurisprudence of finality is rife with conflicting rationales. These cases illustrate the insurmountable problem posed by the *Praisner* concept of appealability.[3]

For example, in one case decided shortly after *Praisner,* the court quashed an appeal from an order dismissing that

**3.** The Supreme Court has never cited to or expressly commented on the appealability doctrine announced in *Praisner.* Thus, we have no guidance from that court as to whether the doctrine is sound or as to how it is to be applied.

In one relatively recent decision of the Supreme Court, *Sweener v. The First Baptist Church of Emporium, Pennsylvania,* 516 Pa. 534, 533 A.2d 998 (1987), the court noted in dicta that in certain circumstances an appeal may lie from a grant of summary judgment that disposes of less than the entire case. However, the actual issue presented in *Sweener* involved the appealability of an order granting summary judgment on all of plaintiff's claims for some but not all of the defendants. The court's decision relates not to the dismissal of some counts of a multi-count complaint but to the grant of summary judgment in favor of some but not all of the defendants.

portion of a complaint that sought recovery of damages for personal injuries suffered by the plaintiff as a result of a car accident. The portion of the complaint that sought recovery for property damage arising from the same accident was not dismissed. *Pullium v. Laurel School District*, 316 Pa.Super. 339, 462 A.2d 1380 (1983). The court stated that it did not find the order appealable under *Praisner* because *Praisner* had involved a multi-count complaint whereas in *Pullium* all of the claims were joined in one count. *Id.*, 316 Pa.Superior Ct. at 348, 462 A.2d at 1384 n. 9. This suggests that the determination of whether a complaint pleads separate causes of action is made by looking first at whether the various claims are set forth in separate counts. However, other later cases have not found the form of the complaint to be determinative of appealability.

In *Newman v. Thorn*, 359 Pa.Super. 274, 518 A.2d 1231 (1986), the court noted that plaintiff had not pled each of his separate causes of action in separate counts in his complaint. *Id.*, 359 Pa.Superior Ct. at 279, 518 A.2d at 1234 n. 1. The *Newman* court did not find this pleading defect pertinent to its analysis and found that the various allegations in the complaint did set forth separate causes of action. *Id.*, 359 Pa.Superior Ct. at 278–80, 518 A.2d at 1234. The court stated that the crucial inquiry in determining whether a separate cause of action had been dismissed is whether all of plaintiff's claims for relief arose from the same facts or allegations of wrongdoing. *Id.*

In contrast, other cases have pursued a *Praisner* analysis that appears to focus on the types of relief sought and not on the facts or allegations of wrongdoing set forth in the complaint. In *Capanna v. The Travelers Insurance Co.*, 355 Pa.Super. 219, 513 A.2d 397 (1986) (en banc), decedent was killed in an automobile accident. Plaintiff sued the assigned insurer. The complaint set forth three counts in assumpsit. The first sought basic loss benefits in the nature of work loss benefits, medical expenses and funeral expenses on behalf of the estate of the decedent. The second count sought recovery of the same benefits on behalf of plaintiff in her individual capacity as a survivor.

The third count sought "survivor's loss benefits" on behalf of plaintiff as a survivor. The trial court dismissed the first count insofar as it sought work loss benefits and dismissed the second count *in toto*. The en banc court found the order appealable, opining that it precluded plaintiff from recovering work loss benefits, which the court found to be completely distinct from the other benefits sought in the complaint. *Id.*, 355 Pa.Superior Ct. at 224–27, 513 A.2d at 400–401. The court made no mention of the fact that all of plaintiff's claims for benefits arose out of the same facts and alleged the same wrongful acts. *See also Schuetz v. Goldberg*, 392 Pa.Super. 448, 573 A.2d 549 (Olszewski, J., dissenting) (pertinent inquiry in ascertaining appealability under *Praisner* is whether the order appealed from dismissed a claim for a distinct type of relief); *Daywalt v. Montgomery Hospital*, 393 Pa.Super. 118, 573 A.2d 1116 (1990) (where order dismissed count that requested different relief for different harm, it is appealable under *Praisner*).

On the other hand, some *Praisner* cases appear to hold that an immediate appeal must be allowed where the damages recoverable on the dismissed counts were materially different in nature or amount than those recoverable on the counts that remained or where the dismissed counts pleaded violations of statutory law while the remaining counts asserted common law rights to recovery. For example, in *Hardy v. Pennock*, 365 Pa.Super. 206, 529 A.2d 471 (1987), the court allowed plaintiffs to appeal an order dismissing three out of four counts of their complaint. All four counts arose out of the same facts and were based on the same alleged wrongful acts of defendant, namely the refusal of defendant insurer to provide coverage for losses suffered by plaintiffs when their home burned down. The first count alleged breach of contract. The second count alleged negligence. The third count alleged misrepresentation and fraud. The fourth count alleged a violation of the Unfair Trade Practices and Consumer Protection Law. The court allowed the appeal insofar as the order dismissed counts three and four. The court appeared to allow the appeal from the dismissal of count three because it alleged fraud, a

theory that differed from the theories asserted in counts one and two, and requested punitive damages. The appeal from the dismissal of count four was allowed because it was based on an alleged statutory violation as opposed to the common law grounds asserted in counts one and two. *Id.*, 365 Pa.Superior Ct. at 213–15, 529 A.2d at 475. *See also Gabriel v. O'Hara,* 368 Pa.Super. 383, 534 A.2d 488 (1987) (claimed violation of Unfair Trade Practices and Consumer Protection Law sets forth separate cause of action because the statute permits the award of treble damages and attorney's fees and implicates a different statute of limitations than common law theories of recovery, despite fact that all claims for relief arose out of the same alleged wrongful acts.)

In summary, *Praisner* has given rise to at least five separate analyses for determining appealability: the form of the complaint (*Pullium*); the facts or allegations of wrongdoing (*Newman*); the relief sought (*Capanna*); the nature of the damages sought (*Gabriel*); and, whether a statutory or common law ground for recovery was involved (*Hardy*). Only one conclusion can be drawn from this morass of precedent. In the eight years since *Praisner* was decided there has been a total failure to develop a clear and consistent means of applying it. This obviously indicates that *Praisner*'s statement of its test for appealability, i.e. the dismissal of a "separate cause of action," was too indefinite to produce a clear standard.

The majority opinion itself is starkly illustrative of this confusion and inconsistency. In the case before us, the majority appears to adopt an amalgam of at least three of the analyses described above. The majority ultimately concludes that the order appealed from is final because the two counts dismissed by the order were based on two different statutes whereas the balance of the complaint pled common law causes of action. (Op. at 438–440). In contrast, in the majority's introductory discussion of the *Praisner* doctrine, it states that a "cause of action" is to be defined as the fact or facts giving rise to a right to relief (analysis # 2 above). Yet if this were the test actually applied to the facts of this case, we would have to conclude that the order on appeal is

interlocutory. The trial court's order dismissed two out of five counts of the complaint. All of the counts arise out of the same facts, the same transaction, and are grounded on the same allegations of wrongdoing. All of the counts seek recovery for one harm—that which appellant suffered as a result of receiving improper insurance coverage for its business. Application of the facts/allegations of wrongdoing test would clearly require quashal.

Indeed, the majority does not stop at setting forth two proposed *Praisner* tests, each leading to a different result in this case. Rather, the majority further confuses the analysis by stating in addition that "in many cases, a separate cause of action can be ... [found] by looking at the relief requested." (Op. at 438). And after this confusing array of analyses, the majority acknowledges that even all of these analyses together will not provide a clear answer. Thus, the majority generally states "[i]n close cases, additional factors must be considered in determining whether a party has alleged separate causes of action...." *Id.* The majority does not indicate what those additional factors might be.

This scattershot approach to a question as important as this—what orders does this court have jurisdiction to review—is too indefinite. We cannot abdicate our responsibility to the bar in such a manner, leaving it to them to guess which test we will use in a particular case.

I have carefully scrutinized and tested the various *Praisner* methods of analysis summarized above to determine if any one of them is superior to the others and could be enunciated by this court as the method of analysis to be used in the future for determining the appealability of an order that dismisses some but not all of a complaint. No one method emerges as a clear way to define a separate cause of action so as to provide a satisfactory and consistent test for appealability. Since, after eight years of experimentation, this court has been unable to define finality within the *Praisner* context, I conclude that we should seek a solution to this finality problem through a route altogether different from *Praisner*.

One might well question why there should be an immediate right to appeal a dismissal of less than all of the claims for relief against a particular defendant in a multi-count complaint. Why should the aggrieved party have the right to stop the litigation at that point to obtain an immediate resolution of the issues posed by the dismissal instead of waiting until the entire case has terminated? It must be emphasized that denial of the right to an immediate appeal is not a denial of the right to appeal at all. It is simply a postponement of the right until the end of the case, at which time the aggrieved party has the right to complete appellate review and correction of any and all trial court error.

In those few cases where delay of the right to appeal may result in irreparable injury or loss of a meaningful right to review, the partial dismissal order will probably be immediately appealable under other and more easily applied principles of finality, including the collateral order doctrine set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) and *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975), or Pennsylvania Rule of Appellate Procedure 311(a). Moreover, in those rare cases in which other appealability principles do not allow an appeal as of right and yet immediate appellate resolution of the issues posed by the dismissal of part of the complaint will materially advance the litigation as a whole, the case can be certified for appeal under the Rules of Appellate Procedure. *See* Pa.R.A.P. 312, 1311. These various avenues are open to the party suffering dismissal of part of the complaint and provide for an immediate appeal in certain cases.

The avoidance of piecemeal appeals has long been a firmly entrenched policy of both this court and the Supreme Court of Pennsylvania. The policy is based on the recognition that allowing piecemeal appeals only serves to frustrate justice. Such appeals greatly protract litigation and therefore increase its cost, so that the party with greater resources can use the appellate process to exhaust the other. *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985). To

limit the right to appeal to those cases where the order appealed from has ended the litigation or disposed of the entire case or where the order, although interlocutory, is nevertheless immediately appealable on one of the grounds described above best serves this policy.

As the foregoing discussion demonstrates, the experience with *Praisner* has injected a degree of uncertainty into the appeal process that has had undeniably negative consequences for courts and litigants alike. No consistent and viable rationale supporting *Praisner*'s appealability principle has been found and it appears clear that continuing the *Praisner* doctrine will continue to foster piecemeal appeals in contravention of the policy disfavoring them. These reasons alone provide sufficient support for eliminating the *Praisner* appealability doctrine from our law. However, we need not rely solely on these grounds to support our decision that *Praisner* should be overruled. There is additional support for this conclusion in the fact that one of the central arguments the *Praisner* court advanced in support of its holding is no longer valid.

As appellees persuasively argue, at least one of the conceptual bases of the *Praisner* decision is no longer sound. The *Praisner* court supported its holding by referring to the joinder rules found in Pennsylvania Rules of Civil Procedure 1020 and 1044. However, the former rule was amended and the latter rule was repealed in 1984. Rules 1020 and 1044, as they existed at the time *Praisner* was decided, can be briefly described as follows:

Under Rule 1020, a plaintiff was permitted to assert in one complaint two or more causes of action which arose from contract or which were quasi-contractual in nature. The pleading requirements of Rule 1044 were similar, albeit slightly more restrictive. Pursuant to Rule 1044, a plaintiff was allowed to join in one complaint two or more causes of action in trespass which arose out of the same transaction or occurrence or series of transactions or occurrences.

Despite their differences, Rules 1020 and 1044 were the same in one important respect—neither compelled the

joinder in one complaint of separate causes of action.
. . . .

There was only one situation in which joinder of claims
was required. Where the same transaction or occurrence
or series of transactions or occurrences gave rise to
causes of action sounding both in trespass and in assump-
sit, it was mandatory under Pa.R.C.P. 1020(d)(1) that
[they] shall be asserted in one action. A cause of action
not joined as required by Rule 1020(d)(1) was considered
waived. See: Pa.R.C.P. 1020(d)(4).

*Jones v. Keystone Insur. Co.*, 364 Pa.Super. 318, 528 A.2d
177, 180–81 (1987), *appeal denied*, 518 Pa. 613, 540 A.2d
535 (1988).

However, in 1983 the Supreme Court created a single
form of civil action, thereby abolishing the prior distinction
between trespass and assumpsit. In implementing this
change, Rule 1044 was rescinded and Rule 1020 was amend-
ed, in pertinent part, as follows:

(a) The plaintiff may state in the complaint more than one
cause of action against the same defendant heretofore
asserted in assumpsit or trespass. Each cause of action
and any special damage related thereto shall be stated in
a separate count containing a demand for relief.

. . . .

(d)(1) If a transaction or occurrence gives rise to more
than one cause of action against the same person, includ-
ing causes of action in the alternative, they shall be joined
in separate counts in the action against any such person.

. . . .

(4) Failure to join a cause of action as required by
subdivision (d)(1) of this Rule shall be deemed a waiver of
that cause of action as against all parties to the action.

Pa.R.C.P. 1020.

The pertinence of this change in the joinder rules to the
continued viability of *Praisner* is clear upon even a cursory

reading of *Praisner*. The *Praisner* court specifically supported its holding by reference to the now rescinded and amended joinder rules, as follows:

> In the case sub judice, appellant joined three separate causes of action in one complaint. This he was permitted to do by Pa.R.C.P. 1044(a), which permits, but does not require, the joinder of causes of action in trespass which arise out of the same transaction or occurrence or series of transactions or occurrences.
>
> . . . .
>
> The appealability of the summary judgments entered in this case becomes readily apparent if we understand the basis upon which separate causes of action may be joined in the same complaint. Pa.R.C.P. 1044(a) permits, but does not require, the joinder of causes of action which arise out of the same transaction or occurrence or series of transactions or occurrences.[1] If appellant had not joined his three causes of action in one complaint but had used three separate complaints, as he might have done, there could be no doubt about the appealability of judgments entered against him on two of the three causes of action. Should appealability be determined by the form of the pleading or pleadings by which a litigant chooses to state his three, separate causes of action? We think not!
>
> . . . .
>
> n. 1 Pa.R.C.P. 1020(a), which pertains to assumpsit, permits joinder in the same complaint of an indefinite number of causes of action which arise from contract or are quasi-contractual.

*Praisner*, 313 Pa.Super. at 339–40, 459 A.2d at 1259.

Clearly the *Praisner* court perceived an unfairness in denying an immediate right of appeal to a party who chose to join all of his claims in one complaint when he could just as easily have brought each in a separate action and appealed from a dismissal of any one. However, the changes in the joinder rules explained above has eliminated the possi-

bility that a party will bring separate actions against a particular defendant to assert claims arising out of the same transaction or occurrence. The rules now require joinder of all causes of action against a particular defendant arising out of the same transaction or occurrence. Thus, in by far the majority of cases, the appealability of a partial dismissal will not, as feared by the *Praisner* court, depend on the form of the pleading.

In those few cases where joinder is still permissive even under the revised joinder rules, a dismissal of part of a complaint should nevertheless not be immediately appealable. As one member of this court has reasoned:

> I would point out that it was the individual litigants' choice to bring all the issues in the same complaint. Having so chosen, the litigant must bear the risk that if some of the causes of action alleged in the multi-count complaint are dismissed, review will be postponed until the remaining counts have reached a final disposition. To find otherwise frustrates and delays the administration of justice....

*Zarnecki v. Shepegi*, 367 Pa.Super. 230, 532 A.2d 873, 881 (1987) (en banc) (Del Sole, J., dissenting, Beck, J., joining), *appeal denied*, 518 Pa. 643, 542 A.2d 1371 (1988).

If we free ourselves of *Praisner*, we have no difficulty in reaching the proper result in this case. The proper conclusion is that the order on appeal is interlocutory because it does not dismiss all of plaintiff's claims for relief against a particular defendant and the appeal must be quashed. There is no unfairness in this result. Appellant will return to the trial court to litigate what now remains of its case. As discovery proceeds the relative strengths and weaknesses of the parties' cases will begin to appear and settlement may become a viable alternative. If the case does proceed to trial and appellant proves the underlying factual allegations and achieves a satisfactory recovery, appellant may choose not to appeal the dismissal of the two statutory counts. Similarly, if appellant does not succeed in proving the underlying factual allegations an appeal may be obviat-

ed because appellant will not choose to undertake the difficult task of overturning the factfinder's factual determinations on appeal. In any event, if for whatever reason appellant does choose to appeal the final decision of the trial court at the end of the case, appellant will have a perfect right to challenge the dismissal of his two statutory counts at that time.

Clearly this is the preferable result. Therefore, I would hold that an order that dismisses fewer than all of the claims for relief against a particular defendant in a multi-count complaint is interlocutory. *Praisner* and similar cases that attempt to apply *Praisner* to find such orders final and appealable should be overruled. This appeal should be quashed.