583 A.2d 1205

**Barbara GAROFOLO, Appellant,**

v.

**Rajni C. SHAH, Appellee.**

Superior Court of Pennsylvania.

Argued May 31, 1990.

Filed Dec. 14, 1990.

Jordon R. Pitock, Philadelphia, for appellant.

James F. Albright, Ardmore, for appellee.

Before ROWLEY, WIEAND, OLSZEWSKI, MONTEMURO, BECK, KELLY, POPOVICH, JOHNSON and FORD ELLIOTT, JJ.

WIEAND, Judge:

Barbara Garofolo instituted an action against Rajni C. Shah, D.D.S., to recover damages for an unanticipated result which followed the injection of a local anesthetic into her mouth. After discovery proceedings had been completed and in response to a defense motion for summary judgment, the trial court ascertained that Garofolo was unable to establish that Shah's treatment fell below accepted dental standards. Because Garofolo was unable to prove a prima facie case of negligence, the trial court entered summary judgment in favor of Shah "on all issues except

lack of informed consent." Garofolo thereupon filed the instant appeal.

Generally, an appeal will lie only from a final order unless otherwise permitted by statute or rule of court. *Pugar v. Greco*, 483 Pa. 68, 72–73, 394 A.2d 542, 544 (1978). An order is interlocutory and not final unless it puts a litigant out of court. *Allesandro v. State Farm Mutual Auto Ins. Co.*, 487 Pa. 274, 281, 409 A.2d 347, 351 (1979); *Giannini v. Foy*, 279 Pa.Super. 553, 556, 421 A.2d 338, 339 (1980). In *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983), the Court reviewed the applicable law and said:

> As a general rule, an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable. *Gordon v. Gordon*, [293 Pa.Super. 491, 499, 439 A.2d 683, 686–687] (1981); *Stengena v. Madden*, 291 Pa.Super. 364, 366, 435 A.2d 1269, 1270 (1981); *Mitchell v. Center City Cadillac*, [287 Pa.Super. 350, 353, 430 A.2d 321, 322 (1981) ]; *Bagshaw v. Vickers*, 286 Pa.Super. 246, 249, 428 A.2d 664, 666 (1981); *Giannini v. Foy*, *supra* 279 Pa.Super. at 556, 421 A.2d at 339. An examination of the cases so holding discloses that the basis upon which this general rule is founded is that in most instances when one count of a multi-count complaint has been dismissed, the plaintiff is not out of court and is not precluded from presenting the merits of his cause of action. In these cases the courts have adhered to a policy which seeks to avoid piecemeal litigation. Following the general rule, this Court has ... held that an appeal will not lie from an order granting partial summary judgment. See: *Swift v. Milner*, 296 Pa.Super. 463, 467, 442 A.2d 1144, 1146 (1982); *Rohr v. Keystone Insurance Co.*, 294 Pa.Super. 179, 182, 439 A.2d 809, 811 (1982); *Ruminant Nitrogen Products Co. v. J & M Machinery Co., Inc.*, 294 Pa.Super. 144, 439 A.2d 791 (1982); *Inselberg v. Employers Mutual Companies*, 291 Pa.Super. 406, 435 A.2d 1290

(1981); *Shaefer v. American States Insurance Co.*, [272 Pa.Super. 67, 414 A.2d 672 (1979)].

*Id.*, 313 Pa.Superior Ct. at 337–338, 459 A.2d at 1258.

It is correct, as appellant argues, that the decision in *Praisner v. Stocker* recognized that where a final judgment had been entered on a separate and distinct cause of action, neither its finality nor its appealability was defeated merely because other causes of action remained undetermined.[1] In the instant case, however, appellant pleaded only one cause of action, i.e., the unanticipated result from the injection of anesthesia, and averred several theories in support of that cause of action. Thus, she alleged in a single count that the appellee-dentist had been negligent in failing to diagnose properly, in failing to use proper injection techniques, in failing to observe bleeding, in failing to provide adequate "follow-up treatment" such as antibiotics or treatment to reduce swelling, and in failing to obtain the services of a physician. In addition, appellant alleged that appellee had failed "to inform the plaintiff of the potential danger of the injection of anesthesia."[2]

**1.** In *Praisner v. Stocker*, the plaintiff had alleged separate causes of action for false arrest, assault and battery and malicious abuse of process. The trial court entered summary judgments in favor of the defendant on the separate counts of the complaint which alleged causes of action for false arrest and malicious abuse of process. The plaintiff appealed the entry of these summary judgments to the Superior Court, and the appeal was held to be proper. While the appeal was pending but before it had been decided, the cause of action for assault and battery was litigated to final judgment in the trial court.

**2.** Paragraph 5 of the complaint is as follows:

5. On the same date, the Defendant did attempt to inject a local anesthetic in the mouth of the Plaintiff and did so in a careless and negligent manner, causing serious pain and injury to the Plaintiff. The negligence of the Defendant was as follows:

(a) Failing to properly diagnose the condition of the Plaintiff;

(b) Failing to inform the Plaintiff of the potential danger of the injection of anesthesia;

(c) Injecting and puncturing an artery and/or vein in the Plaintiff's mouth;

(d) Using improper injection techniques, puncturing and/or striking arteries and/or vessels of the Plaintiff's mouth, including the failure to withdraw a needle inserted in an artery of the mouth of the Plaintiff;

A "cause of action" has been defined as "[t]he fact or facts which give a person a right to judicial relief[; t]he legal effect of an occurrence in terms of redress to a party to the occurrence. A situation or state of facts which would entitle [a] party to sustain action and give him [the] right to seek a judicial remedy in his behalf." Black's Law Dictionary, 5th ed. (1979). In many cases, but not all, whether separate causes of action have been stated or whether they are merely alternate theories of recovery can be determined by looking to the relief requested. Alternate theories of recovery are different means by which to recover the same damages or relief for a single harm. Separate causes of action request different relief for different harms. In other cases, additional factors must be considered in determining whether a party has alleged separate causes of action or different theories of recovery for a single cause of action.

Although it must be conceded that in close cases the distinction may not be immediately apparent, this is not such a case. Here, the result is clear. In a single count of her complaint, appellant alleged a cause of action for an unanticipated result which had occurred following the injection of anesthesia. In support thereof she averred negligence and also the defendant-dentist's failure to inform her of the potential consequences of anesthesia. The partial summary judgment entered by the trial court did not put appellant "out of court" on her cause of action. It did

(e) Failing to observe blood in the aspirated needle when withdrawn from the Plaintiff's mouth;

(f) Failing to promptly withdraw and aid or assist the Plaintiff after becoming aware of extreme pain of the Plaintiff;

(g) Failing to apply ice or take any other action after becoming aware of the distress of the Plaintiff;

(h) Failing to provide follow-up treatment or check for infection in the mouth and face area;

(i) Failing to take any action with regard to substantial swelling from fluids gathering in the face and mouth area;

(j) Failing to give antibiotics to prevent infection;

(k) Failing to advise the Plaintiff to obtain the services of a physician; and

(*l*) Was otherwise negligent under the circumstances.

nothing more than limit the theory on which appellant's cause of action would be submitted to the jury. Such an order, like a trial ruling on requested points for charge narrowing the issues to be decided, is interlocutory and not immediately appealable. Appellate review is better delayed until the cause of action alleged by the plaintiff has been finally determined. See: *Sweener v. First Baptist Church,* 516 Pa. 534, 533 A.2d 998 (1987) ("[a] pivotal consideration in determining whether an order is final and appealable is whether the plaintiff aggrieved by it has, for purposes of the particular action, been put "out of court" on all theories of recovery asserted against a given defendant for a given loss"); *Danko Development Corp. v. Econocast Corp.,* 369 Pa.Super. 120, 534 A.2d 1108 (1987) (appeal quashed where order dismissing one theory of recovery did not put plaintiff out of court on underlying cause of action); *Hardy v. Pennock Insurance Agency, Inc.,* 365 Pa.Super. 206, 529 A.2d 471 (1987) (appeal quashed where order did not put plaintiff out of court because of remaining count alleging alternative theory of recovery on same cause of action); *Canulli v. Allstate Insurance Co.,* 315 Pa.Super. 460, 462 A.2d 286 (1984) (appeal quashed where "effect of the trial court's order was merely to hold that two of several theories were lacking in merit and could not be pursued upon a trial of the cause."); 2 Goodrich–Amram 2d § 1035(b):10 ("[a]ny lesser partial judgment which might leave an issue of liability open, would clearly ... be interlocutory."); 2 Std.Pa.Prac.2d, Decisions Appealable § 86:32 (an order granting summary judgment on one issue, where genuine issues remain, is generally nonappealable.).

Because an appeal will not lie from an interlocutory order, the present appeal must be quashed.

Appeal quashed.

BECK, J., files a concurring opinion.

OLSZEWSKI, J., files a concurring opinion in which KELLY, J., joins.

BECK, Judge, concurring:

I concur in the result.

The majority quashes this appeal from an order dismissing some but not all of appellant's claims for relief against appellee. The majority does so because it finds that under *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255, 1259 (1983), the order appealed from did not put appellant out of court on a separate cause of action.

I agree that the appeal should be quashed. However, my conclusion flows not from an application of *Praisner*'s appealability criteria, i.e., dismissal of a separate cause of action, but rather from the simple fact that appellant is not out of court on all of the claims for relief she set forth in her complaint against appellee. Appellant is still in court and there is no reason to allow an immediate appeal from an order dismissing only a portion of appellant's case against this defendant.

As to the general viability of *Praisner*, I refer to and fully incorporate herein my opinion in *Trackers Raceway, Inc. v. Comstock*, 400 Pa.Super. 432, 583 A.2d 1193 (1990) (en banc) (Beck, J., dissenting), in which I conclude that the doctrine of appealability announced in *Praisner* should no longer be applied.

OLSZEWSKI, Judge, concurring:

We concur completely in the result and reasoning of our learned colleague, Judge Wieand. Nevertheless, for the guidance of the bench and bar, we find it necessary to explain the difference between a separate cause of action and an alternate theory of recovery; accordingly, we write this concurring opinion.

In most cases, a separate cause of action can be distinguished from an alternate theory of recovery by looking at the relief requested. Alternate theories of recovery are different means for obtaining the same relief for the same harm caused by the same party. A plaintiff cannot recover on all of the alternate theories, as this would constitute a

duplicative recovery. On the contrary, a separate cause of action requests different relief for different harms. A party may potentially recover complete relief on each of the separate causes of action. In a few cases, this distinction may not be entirely clear; however, we believe this "relief test" will solve most of the problems raised by *Praisner* cases.

Applying the relief test to this case, we find one cause of action pursued through alternate theories of recovery. Garofolo alleges only one harm in this case: osteitis caused by an injection of local anesthetic. She sought one relief for that harm: $20,000 in monetary damages. She sought this relief under two alternate theories: negligence and lack of informed consent. The negligence theory was disposed of upon a motion for summary judgment, while the informed consent theory remains viable. Garofolo has not yet been put out of court, because she may still recover for the harm suffered on the informed consent theory. For this reason, there is no final order and this appeal must be quashed.

KELLY, J., joins.