586 A.2d 436

VALLEY COAL COMPANY, a Corporation, Appellant,

v.

INTERNATIONAL UNION, UNITED MINE WORKERS OF AMERICA, District 2, United Mine Workers of America, and Local Mine Workers 1610 of America, Unincorporated Labor Organizations, and All Others Acting in Concert or Participating With Them.

Superior Court of Pennsylvania.

Argued Jan. 10, 1991.

Filed Feb. 12, 1991.

142.

George Basara, Pittsburgh, for appellant.

Michael J. Healey, Pittsburgh, for Intern. Union, United Mine Workers of America, appellee.

Melvin P. Stein, Pittsburgh, for Dist. 2, United Mine Workers of America, appellee.

Before TAMILIA, POPOVICH and JOHNSON, JJ.

JOHNSON, Judge.

We are asked to consider whether state law provides a state court with the authority to order parties in a labor dispute to mediate their collective bargaining differences under the direction of a state mediator. We are also asked to determine whether such authority, if any, is pre-empted by the National Labor Relations Act. We find that both of the orders upon which review is sought are interlocutory and not appealable as of right. We therefore dismiss the appeals without reaching the questions presented.

As a result of violence and mass picketing at a bituminous coal mine in Cambria County, Valley Coal Company (Valley Coal) sought injunctive relief against certain mine workers' unions (Unions) in the Cambria County Court of Common Pleas in November 1989. A preliminary injunction was granted on November 8, 1989. A permanent injunction was issued by the Honorable F. Joseph Leahey on November 20, 1989, following a conference and agreement of the parties. The injunction prohibited the Unions, their members and all others acting on their behalf or in concert with

them from engaging in certain picketing activities at Valley Coal's Valley No. 16 mine in Cambria County.

Over the next several months, as incidents of picket line violence occurred, Valley Coal filed three separate petitions for civil contempt.

In March, 1990, Judge Leahey entered a temporary emergency order further restricting picketing, which order was made permanent on March 16, 1990 by agreement of the parties. A fourth petition for contempt was filed for record by Valley Coal the same day.

In April 1990, in a separate proceeding, a federal district judge held hearings and issued an injunction prohibiting picket line violence at installations owned by Valley Coal in an adjoining county. The next month, following hearings on a contempt petition before that federal district judge, counsel for the parties were summoned to Judge Leahey's chambers in Cambria County to discuss incidents arising at Valley Coal's Cambria County mine, Valley No. 16. It was as a result of this meeting that Judge Leahey issued, on May 11, 1990, the first of the two orders here on appeal. That first order provides, in pertinent part:

. . . .

1. The negotiators for the parties shall meet with the state mediator on Monday, May 14, 1990, at the Days Inn, Richland Township, Johnstown, PA, for the primary purpose of briefing the state mediator regarding the background and current circumstances of the negotiations.

2. The parties and their negotiators shall meet with the state mediator on Tuesday, May 15, 1990, and thereafter the negotiations shall continue for such duration as the state mediator in his discretion deems advisable.

It is requested that the state mediator report to the Court periodically as he deems fit concerning the progress of the negotiations.

This order is issued on condition that there be no further violations of either the federal or county Court Orders issued in this matter.

On May 15, 1990, Valley Coal walked out of the mediation session, citing as the reason therefore the fact that the Unions had violated the federal district judge's injunction order governing conduct at the mine located in the adjoining county. The Unions then filed a petition for civil contempt, alleging that Valley Coal's termination of negotiations before the mediator was in contempt of Judge Leahey's May 11th order. On May 23rd, Judge Leahey held a hearing on both the Unions' contempt petition as well as yet another Valley Coal petition for contempt.

At the conclusion of the May 23rd hearing, Judge Leahey found that (1) the Unions had violated the federal district judge's order, (2) Valley Coal was not in contempt for terminating negotiations on May 15th, and (3) the evidence did not warrant a finding of contempt, under Valley Coal's fourth petition, against the Unions. Judge Leahey dismissed both cross-petitions for contempt and issued an order from the bench which, in pertinent part, provided:

. . . .

The Court orders that its Order of May 11, 1990, shall remain in full force and effect with the following amendments. Number one, the parties and their negotiators shall meet with the state mediator on Thursday, May the 24th, 1990, at a time and place to be selected by the state mediator.

Two, the parties and their negotiators shall continue to negotiate at such times and for such durations as determined to be appropriate by the state mediator.

Number three, neither party shall unilaterally terminate the negotiations for any reason whatsoever without the permission of the state mediator or this Court. All parties are directed to attend the mediation for so long as directed and requested by the state mediator.

This Order shall continue to be issued on condition that there is no violations of either the federal or county Court Orders. If one of the parties feels that those Orders have been violated, that party shall not unilaterally terminate negotiations but shall seek the permission of the

state mediator initially to terminate said negotiations. If the state mediator denies permission, then that party may submit its request to this Court, and this Court will then make a determination.

Hearing, Leahey, J., May 23, 1990, pages 101–102, R.R. 102a–103a.

We are asked to consider the propriety of these two orders on these consolidated appeals.

Our Rules of Appellate Procedure require that the brief of the appellant include a separate Statement of Jurisdiction which shall contain a precise citation to the statutory provision, general rule or other authority believed to confer on the appellate court jurisdiction to review the order in question. Pa.R.A.P. 2111(a), 2114. In the Brief for Appellant filed on behalf of Valley Coal, the following Statement of Jurisdiction appears:

Jurisdiction in this matter is vested in the Pennsylvania Superior Court by virtue of 42 Pa.C.S.A. Sections 702(a), 742, 5105(c), and Pa.R.A.P. 1311(4).

█ We have examined each of these cited provisions and are unable to find jurisdiction to entertain these appeals in any of them. To begin, Section 742 of the Judicial Code, 42 Pa.C.S. § 742, does not grant a right of appeal to any party but merely provides for the exclusive appellate jurisdiction of this Court from final orders when a right of appeal already exists. *Commonwealth v. Drumgoole*, 341 Pa.Super. 468, 471, 491 A.2d 1352, 1353 (1985). No one would suggest that either of the orders set forth above are final orders, in any respect. *See T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 337–339, 372 A.2d 721, 724–725 (1977). Section 742 is therefore inapplicable.

█ In like vein, Section 702 of the Judicial Code, 42 Pa.C.S. § 702, does not grant a right of appeal to any party but merely provides that the appeal of interlocutory orders, when such appeal is authorized by law, will follow the same appellate route as final orders in the same matter. It sets forth:

§ 702.   Interlocutory orders

(a) Appeals authorized by law.—An appeal *authorized by law* from an interlocutory order in a matter shall be taken to the appellate court having jurisdiction of final orders in such matter.   [emphasis added].

■ It is fundamental law in this Commonwealth that an appeal will lie only from final orders, unless otherwise expressly permitted by statute. *Sweener v. First Baptist Church of Emporium, Pa.*, 516 Pa. 534, 538, 533 A.2d 998, 999 (1987); *T.C.R. Realty, Inc.*, *supra*, 472 Pa. at 337, 372 A.2d at 724. *Opperman v. Opperman*, 297 Pa.Super. 89, 95, 443 A.2d 313, 316 (1982).   Although Valley Coal cites Section 5105(c) as alternative support for jurisdiction, we find no such support in that section for these appeals.   That section provides in pertinent part:

§ 5105.   Right to appellate review

. . . .

(c) Interlocutory appeals.—There shall be a right of appeal from such interlocutory orders of tribunals and other government units *as may be specified by law.*   The governing authority [Supreme Court] shall be responsible for a continuous review of the operation of section 702(b) (relating to interlocutory appeals by permission) and shall from time to time establish by general rule rights to appeal from such classes of interlocutory orders, if any, from which appeals are regularly permitted pursuant to section 702(b).

As does Section 702(a), Section 5105(c) presupposes the existence of an express right to appeal an interlocutory order as *specified* or *authorized by law.*   Neither Section 702(a) nor Section 5105(c) provide authority, without more, for appealing an interlocutory order of the kind now before this Court.   Both or either of them require authority from some other source before they can be utilized.

■ We turn, then, to Rule of Appellate Procedure 311(a)(4), cited in Valley Coal's Brief as Pa.R.A.P. 1311(4) (While there is, indeed, a Rule of Appellate Procedure 1311,

that rule contains alphabetical subsections and deals only with interlocutory appeals by permission.)

There is no dispute that the orders issued by Judge Leahey on May 11th and May 23rd 1990 are both interlocutory. The first order merely directs the parties to meet with the state mediator, brief the mediator regarding the background and current status of negotiations, and then to meet with the mediator and continue negotiations. It anticipates that the mediator will keep the court informed of any progress and expressly conditions further negotiations on compliance with previous orders of both the state and the federal court.

In like manner, the second order does nothing more than continue the first order in effect, leaving broad discretion in the state mediator, and providing for a method by which any party believing itself to be aggrieved can first approach the mediator and finally return to the court for determination of any dispute.

■ Valley Coal has not, at any time, sought the right to bring these interlocutory appeals by permission, pursuant to Chapter 13 of the Rules of Appellate Procedure, Rules 1301 et seq. The only authority remaining by which these appeals could be supported, and by which this Court could obtain jurisdiction, is Rule 311 covering Interlocutory Appeals as of Right and implementing 42 Pa.C.S. § 5105(c), *supra*. Valley Coal seeks to rely on subsection 311(a)(4) which provides:

RULE 311. INTERLOCUTORY APPEALS AS OF RIGHT

(a) General Rule. Except as otherwise prescribed by general rule, an appeal may be taken as of right from:
. . . .

(4) *Injunctions.* An order granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions, except for injunctions pursuant to Sections 401(c) and 403(a) of the Divorce Code
. . .

Subsection 311(a)(4) deals only with orders that expressly grant, continue, or dissolve injunctions, or otherwise expressly affect injunctive relief. There is nothing on the face of the rule, or in our case law, to suggest that the rule is intended to encompass judicial orders outside the realm of injunctions. In the case before us, the Cambria County Court of Common Pleas had granted a preliminary injunction on behalf of Valley Coal on November 8, 1989. That temporary injunction was made permanent by order of Judge Leahey dated November 20, 1989. No appeal has been taken by any party from either of those orders.

The November 20th injunction prohibited the Unions, their members and all others acting on their behalf or in concert with them from engaging in certain picketing activities at Valley Coal's Valley No. 16 mine in Cambria County. The order included the following provisions:

. . . .

1. . . . .

(E) It is DIRECTED that the parties and/or their representatives meet for the purposes of negotiations regarding the underlying labor dispute (involving Valley Mine No. 11) on November 22, 1989, at 8:30 a.m. at the Holiday Inn, Indiana, Pennsylvania, and on November 28, 1989, at a time and location to be decided upon by the parties.

The parties are DIRECTED to report to the Court as soon as practical following their November 28, 1989, meeting as to the progress, if any, made in the resolution of said dispute.

The parties are DIRECTED to make every reasonable effort to settle the said underlying labor dispute, either by negotiation, or, if necessary, with the aid of any available governmental machinery of mediation or voluntary arbitration.

. . . .

(G) This Order in no way shall prejudice or otherwise affect the parties' rights under federal labor law.

BY THE COURT:

/s/ F.J. Leahey

F. Joseph Leahey, Judge

This order granting a permanent injunction contains language strikingly similar to that contained in Judge Leahey's two *sua sponte* orders issued in May 1990 insofar as all three orders include exhortations for continuing negotiations at local motels with a view to settling the underlying labor dispute. The former order granting injunctive relief against the Unions does not refer to a state mediator, but the request for continued negotiations is otherwise the same. Yet Valley Coal did not appeal the permanent injunction of November 20, 1989.

We do not rest our decision on this appeal on any theory of waiver, however, since the form of the orders under review prevent us from concluding that Section 311(a)(4) is applicable. We recognize that our Supreme Court, in dictum, has said that an injunction is a court order prohibiting or commanding virtually any type of action. *Levin v. Barish*, 505 Pa. 514, 523, 481 A.2d 1183, 1187 (1984), P.L.E. Injunction, § 2, Vol. 18, page 265 (1988).

We are here presented with a situation where the trial court has, in fact, issued both a preliminary injunction and a final injunction on behalf of the party now seeking review of these subsequent orders. Where four separate petitions for contempt have been filed by one side, a separate contempt petition by the other, and where the court has dismissed all petitions for contempt, we cannot say that subsequent orders directing both parties to continue negotiations are injunctions, particularly where neither side had requested the "relief" under review and the orders have not been granted at the suit of either party.

We view the orders of November 8, 1989 and November 20, 1989 as injunctions, for they each were entered at the suit of Valley Coal and they each forbid the Unions from performing certain acts which they were threatening or attempting to commit. Neither of those orders have been brought before us for review.

We decline to classify the orders of May 11, 1990 and May 23, 1990 as injunctions. Neither order contains a remedy or a right to which either party to this dispute might be entitled and which is withheld from that party. Neither order takes anything away from the disputants. Both orders provide ample means by which either party can seek redress in the court of common pleas at any time without interference by an intermediate appellate court. Where neither party sought the order which has been entered, and where neither party is exposed to any conceivable irreparable harm by adhering to the order, and where both parties remain before the trial court on all issues that have surfaced, we decline to label Judge Leahey's orders as additional injunctions in this labor dispute.

We do not decide whether state law provides the authority to order parties in a labor dispute to mediate their collective bargaining differences under the direction of a state mediator. Nor do we decide, on this appeal, whether a state judge is without authority to regulate conduct arguably protected by the National Labor Relations Act.

Since the orders sought to be reviewed cannot be said to be injunctions, they are outside the reach of Rule 311(a)(4). We have found no other rule or statute which would support an appeal of these interlocutory orders as a matter of right. Accordingly, we are constrained to dismiss the appeals.

Appeals DISMISSED.