Donna BOLMGREN, Appellee,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Appellant.

Superior Court of Pennsylvania.

Argued March 29, 2000.
Filed Aug. 16, 2000.

John P. Davis, Pittsburgh, for appellant.

Robert W. Goehring, Pittsburgh, for appellee.

Before DEL SOLE, ORIE MELVIN and BECK, JJ.

DEL SOLE, J.:

¶ 1 Appellant, State Farm Fire and Casualty Company (State Farm), appeals orders denying State Farm's Motion for Summary Judgment and granting Ms. Bolmgren's, (Appellee's), Motion for Summary Judgment.

¶ 2 Appellee brought an action against State Farm for a declaration of coverage under a homeowner's policy and for damages. The Court denied the Motion for Summary Judgment filed by State Farm and granted the Motion for Summary Judgment filed by Appellee on August 30, 1999. State Farm timely appealed the determination of the trial court. On appeal, State Farm contends that the trial court improperly granted Appellee's Motion for Summary Judgment because Appellee's claim of loss: (1) was untimely under the policy, and (2) is not a loss covered by the policy.

■ ¶ 3 Prior to addressing the substantive merits of this appeal, we must first determine whether the order appealed from is properly before us. The appealability of an order is a question of jurisdiction and may be raised *sua sponte*. *Riley v. Farmers Fire Insurance Co.*, 735 A.2d 124 (Pa.Super.1999). In addressing this question, we determine that the appeal before us must be quashed since it is taken from an interlocutory order.

■ ¶ 4 Appellee's Third Amended Complaint consists of four Counts. Counts I–III seek relief in the form of declaratory judgment. Count IV, however, seeks " ... in addition to the policy limits for the repair and rehabilitation of her structure and living expenses, punitive damages, attorneys fees, interest and costs." Appellee's Third Amended Complaint, ¶ 25. Preliminary objections in the nature of a demurrer to Count IV of the Complaint were filed by State Farm, but were overruled. Accordingly, the claim for damages in Count IV of Plaintiff's complaint remains.

¶ 5 Pennsylvania Rule of Appellate Procedure 341 provides that an appeal may be taken from a final order. Pa.R.A.P. 341(a). The rule defines a "final order" as "any order that: (1) disposes of all claims and of all parties; or (2) any order that is expressly defined as a final order by statute; or (3) any order entered as a final order pursuant to subdivision (c) of this rule." Pa.R.A.P. 341(a). Subdivision (c) allows the court to designate an order as final even when it does not dispose of all claims and/or parties. Subdivision (c) includes the following caveat: "In the absence of such a determination and the entry of a final order, any order or other form of decision that adjudicates fewer than .all the claims and parties shall not constitute a final order." Pa.R.A.P. 341(c).

■ ¶ 6 As a general rule, an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable. *Garofolo v. Shah*, 400 Pa.Super. 456, 583 A.2d 1205 (1990) (quoting *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983)). In adhering to this policy, the courts have sought to avoid

piecemeal litigation. *Id.* This court has held that an appeal will not lie from an order granting partial summary judgment. *See Swift v. Milner*, 296 Pa.Super. 463, 442 A.2d 1144, 1146 (1982); *Rohr v. Keystone Insurance Co.*, 294 Pa.Super. 179, 439 A.2d 809, 811 (1982); *Ruminant Nitrogen Products Co. v. J & M Machinery Co., Inc.*, 294 Pa.Super. 144, 439 A.2d 791 (1982).

¶ 7 In granting Plaintiff's Motion for Summary Judgment, the trial court found that the action against State Farm was timely filed and that there was coverage under the applicable homeowner's policy.

¶ 8 The lower court failed, however, to address the claim for damages included in Count IV of Appellee's Third Amended Complaint. The order of the lower court constitutes a grant of partial summary judgment limited to the issues of timeliness and coverage of the claim. It is clear from the order that Appellee, although having received a favorable ruling on the timeliness and coverage issues, did not receive a ruling on the relief requested in Count IV of her complaint.

¶ 9 Additionally, the order has not been designated as final pursuant to Pa.R.A.P. 341(c). Furthermore, the order in this case is not one expressly defined as final by statute.

¶ 10 The Declaratory Judgments Act provides, in part, as follows:

§ 7532. General scope of declaratory remedy

Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

42 Pa.C.S. § 7532.

¶ 11 Although the Act provides that the declaration shall have the "force and effect of a final judgment or decree", this partial adjudication does not become appealable merely because it is cast in the form of a declaratory judgment. Appellee's complaint in this matter, although captioned a declaratory judgment, sought ordinary civil relief and remedies in the form of a declaration of coverage **and** damages.[1] Her request for further relief, in the form of damages, has yet to be determined.

¶ 12 Because an appeal will not lie from an interlocutory order, the present appeal must be quashed.

¶ 13 Appeal quashed.

---

1. It is the nature of the order at issue that dictates whether it is final and appealable. In this case, the order is not final since it does not dispose of the claim of damages raised in the complaint, in addition to the request for declaratory judgment. This case is different than that in *Redevelopment Authority of Cambria County v. International Insurance Co.*, 454 Pa.Super. 374, 685 A.2d 581 (1996). In that case the complaint sought relief in the form of declaratory judgment that Erie and International owed a duty to defend and to indemnify the Authority in an action filed by a third party. In that case, the order was final because the trial court's determination that Erie had a duty to defend the third party claim effectively ended the litigation. Here, in addition to the declaration of rights, the trial Court was asked to award damages under the policy. Under these circumstances, the lower court is required to address this request. Without doing so, the order is not final.