J-A06037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KENNETH GROSSE, JR., INDIAN VALLEY GREENES, INC. AND INDIAN VALLEY GREENES, L.P. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GRANITE STATE INSURANCE COMPANY AND ILLINOIS NATIONAL INSURANCE COMPANY | : | No. 1564 EDA 2016 |
| ---------------------------------------- | : | |
| QUADE CONSTRUCTION COMPANY, INC. | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GRANITE STATE INSURANCE COMPANY AND ILLINOIS NATIONAL INSURANCE COMPANY | : | |
| | : | |
| | : | |
| APPEAL OF: GRANITE STATE INSURANCE COMPANY | : | |

Appeal from the Order Entered April 22, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): No. 14-11024,
No. 15-01708

| | | |
|---|---|---|
| KENNETH GROSSE, JR., INDIAN VALLEY GREENES, INC. AND INDIAN VALLEY GREENES, L.P. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GRANITE STATE INSURANCE COMPANY, INC. AND ILLINOIS NATIONAL INSURANCE COMPANY | : | No. 1587 EDA 2016 |
| | : | |

```
---------------------------------------  :
QUADE CONSTRUCTION COMPANY,           :
INC.                                  :
                                      :
                                      :
                                      :
          v.                          :
                                      :
                                      :
                                      :
GRANITE STATE INSURANCE               :
COMPANY, INC. AND ILLINOIS            :
NATIONAL INSURANCE COMPANY            :
APPEAL OF GRANITE STATE               :
INSURANCE COMPANY                     :
```

Appeal from the Order Entered April 22, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  No. 14-11024

```
KENNETH GROSSE, JR.,  INDIAN    :    IN THE SUPERIOR COURT OF
VALLEY GREENES, INC. AND        :         PENNSYLVANIA
INDIAN VALLEY GREENES, L.P.     :
                                :
                                :
                                :
          v.                    :
                                :
                                :
                                :
GRANITE STATE INSURANCE         :    No. 1600 EDA 2016
COMPANY AND  ILLINOIS NATIONAL  :
INSURANCE COMPANY               :
---------------------------------------  :
-QUADE CONSTRUCTION COMPANY,    :
INC.                            :
                                :
                                :
                                :
          v.                    :
                                :
                                :
                                :
GRANITE STATE INSURANCE         :
COMPANY AND ILLINOIS NATIONAL   :
INSURANCE COMPANY               :
                                :
                                :
                                :
APPEAL OF: GRANITE STATE        :
INSURANCE COMPANY  AND          :
ILLINOIS NATIONAL INSURANCE     :
```

- 2 -

COMPANY

Appeal from the Order Entered April 22, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  No. 14-11024

| | | |
|---|---|---|
| KENNETH GROSSE, JR., INDIAN VALLEY GREENES, INC. AND  INDIAN VALLEY GREENES, L.P. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GRANITE STATE INSURANCE COMPANY AND  ILLINOIS NATIONAL INSURANCE COMPANY | : | No. 1604 EDA 2016 |
| ----------------------------------------- | : | |
| QUADE CONSTRUCTION COMPANY, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| GRANITE STATE INSURANCE COMPANY AND  ILLINOIS NATIONAL INSURANCE COMPANY | : | |
| | : | |
| APPEAL OF: GRANITE STATE INSURANCE COMPANY   AND ILLINOIS NATIONAL INSURANCE COMPANY | : | |

Appeal from the Order Entered April 22, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  No. 15-01708

BEFORE:   PANELLA, J., SHOGAN, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED JUNE 13, 2017**

Appellant, Granite State Insurance Company, appeals from orders entered April 22, 2016, granting Appellees' motions for judgment on the pleadings, and directing Appellant to provide a defense to Appellees in the underlying action. After careful review, we quash the appeals as interlocutory.

In May 2014, Kevin Grosse, Jr., Indian Valley Greenes, Inc., and Indian Valley Greenes, L.P., ("Indian Valley Appellees") filed a complaint raising counts of declaratory judgment, breach of contract, and bad faith, seeking declarations that Appellants were required to defend and indemnify Appellants in underlying actions for damages filed against them by development homeowners. In January 2015, Quade Construction Company, Inc., ("Quade Appellee") filed a complaint against Appellants seeking a similar declaration. Both complaints sought reimbursement of defense costs incurred by Appellees in the underlying actions.

Appellees, separately, filed motions for judgment on the pleadings. Appellant also filed motions for judgment on the pleadings. The matters were consolidated for pretrial purposes.

On April 22, 2016, the court entered four orders, which granted the motions of Appellees Kenneth Grosse, Jr., Indian Valley Greenes, Inc., Indian Valley Greenes, L.P., and Quade Construction Company; denied the motions of Appellant, Granite State Insurance Company's Motion; and dismissed as moot Appellees Kenneth Grosse, Jr., Indian Valley Greenes, Inc., and Indian Valley Greenes, L.P.'s motion for summary judgment on the

declaratory judgment count of the complaint. Essentially, the court declared that Appellant had a duty to defend Appellees in their respective underlying actions. The trial court did not dispose of the claims for indemnification or bad faith. On April 28, 2016, the parties to the underlying actions participated in mediation and settled the underlying actions.

Appellant timely appealed, and the trial court issued its opinion.[1] In August 2016, this Court consolidated the appeals.

On appeal, Appellant raises the following issues for our review:

A. Did the trial court err, as a matter of law, in finding, contrary to well-settled law, that the underlying claims set forth a potentially covered "occurrence" giving rise to a duty to defend, when the underlying claims are based on allegations of faulty workmanship by a home builder and general contractor?

B. Did the trial court err, as a matter of law, in denying the motions of [Appellant] for judgment on the pleadings in its favor, and in granting judgment on the pleadings against [Appellant], because either the pleadings establish that the damages first manifested before the inception of the sole Granite State policy, or at a minimum there are material unresolved issues of fact regarding when the damages to the underlying claimants' homes first became manifest?

C. Did the trial court err, as a matter of law, in considering matters not included in the pleadings on motions for judgment on the pleadings, such as insurance policies not attached to the pleadings and an underlying suit not included in one of the declaratory judgment actions?

Appellant's Brief at 6 (unnecessary capitalization omitted).

---

[1] The trial court did not order Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Prior to addressing the merits of Appellant's claims, we must first determine whether the instant appeal is properly before us, as the appealability of an order "directly implicates the jurisdiction of the court asked to review the order." ***In re Estate of Cella***, 12 A.3d 374, 377 (Pa. Super. 2010). An appeal may be taken from "(1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)." ***Id.*** at 377.

Except as otherwise provided by the Pennsylvania Rules of Appellate procedure, an appeal may be taken as of right from any final order of a lower court. ***See*** Pa.R.A.P. 341(a). A final order is any order that (1) disposes of all claims and of all parties; (2) is expressly defined as a final order by statute; or (3) is entered as a final order pursuant to suvdivision (c) of this rule. ***See*** Pa.R.A.P. 341(b). Subdivision (c) further provides that when more than one claim for relief is presented in an action, the trial court may enter as a final order as to one or more, but fewer than all of the claims, only upon an express determination that an immediate appeal would facilitate resolution of the entire case. ***See*** Pa.R.A.P. 341(a).

In its Statement of Jurisdiction, Appellant claims that the trial court's order is final and that this Court has jurisdiction over the appeal pursuant to 42 Pa.C.S. § 742 and 42 Pa.C.S. § 7532.[2]

It is true that, generally, orders affirmatively or negatively declaring the rights of a party are final and immediately appealable in declaratory judgment actions. *See Bombar v. West American Ins. Co.*, 932 A.2d 78, 85 (Pa. Super. 2007). "A trial court order is final and immediately appealable pursuant to Pa.R.A.P. 341(b)(2), when the court enters a declaratory judgment order either affirmatively or negatively declaring the rights and duties of the parties, effectively disposing of the claims presented, even if the order does not expressly dispose of all claims or specify that the claims were declaratory in nature." *Nat'l Cas. Co. v. Kinney*, 90 A.3d 747, 754 (Pa. Super. 2014).

However, a partial adjudication does not become appealable merely because it is cast in the form of a declaratory judgment. *Bombar*, 932 A.2d at 85. Moreover,

> [a]s a general rule, an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable. In adhering to this policy, the courts have sought to avoid

---

[2] *See* 42 Pa.C.S. § 742 (providing this Court with exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas); 42 Pa.C.S. § 7532 (providing that in declaratory judgment actions, the declaratory order may be affirmative or negative and has the force and effect of a final judgment or decree).

piecemeal litigation. This Court has held that an appeal will not lie from an order granting partial summary judgment.

***Bolmgren v. State Farm Fire and Casualty Co.,*** 758 A.2d 689, 690–691 (Pa. Super. 2000) (citations omitted) (quashing appeal as interlocutory as complaint sought declaratory judgment as well as ordinary civil relief and damages, and damages had not yet been determined).

Similarly, in the instant case, the trial court made no determination as to liability for indemnification, a damage award for defense costs incurred, or the remaining bad faith claim. ***See*** Trial Court Opinion, 9/30/16, at 3-4. Accordingly, the instant appeal is interlocutory.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2017