J-A10004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CSAA AFFINITY INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1937 EDA 2020 |
| CHARLES DAGIT, MA ROSARIO HILDAWA, AND CHRISTOPHER CASEY | : | |
| | : | |

Appeal from the Order Entered September 15, 2020
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): No. 2020-06445

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED DECEMBER 22, 2021**

CSAA Affinity Insurance Company ("CSAA") appeals from the trial court's September 15, 2020 order denying its petition for judgment on the pleadings, in which CSAA sought the court's declaration that CSAA had no duty to defend or indemnify its insured, Charles Dagit, in an underlying action filed against him. CSAA also appeals from the trial court's October 6, 2020 order denying CSAA's motion for reconsideration of the September 15, 2020 order and motion to amend the September 15, 2020 order for purposes of taking an interlocutory appeal. Dagit argues, as a threshold matter, that this Court does not have jurisdiction over this appeal because the September 15,

_____

[*] Retired Senior Judge assigned to the Superior Court.

2020 order is interlocutory and not appealable. We disagree and instead, conclude that we have jurisdiction over this appeal. However, we also conclude that the trial court did not err in denying CSAA's petition for judgment on the pleadings. We do so on the basis of the trial court's opinion, adopting its well-reasoned analysis as our own, and we therefore affirm.

CSAA issued a homeowner's policy to Dagit for the home he owns in Gladwyne, Pennsylvania. Christopher Casey and Ma Rosario Hildawa filed a personal injury complaint against Dagit seeking damages for injuries they sustained during a dispute with Dagit over the removal of firewood from his property. Specifically, Casey and Hildawa alleged that on January 12, 2019, they were driving by Dagit's property when they saw what they thought to be free firewood at the end of Dagit's driveway. As they were loading the firewood into their car, Dagit approached them and, according to the complaint, appeared to be under the influence of alcohol. An argument ensued, and Dagit punched both Casey and Hildawa. In their complaint, Casey and Hildawa asserted that Dagit had acted willfully, recklessly or negligently by punching Casey and Hildawa. The complaint further averred that Dagit had pleaded guilty to simple assault as a result of the incident. Following the filing of their complaint against Dagit, Dagit sought coverage from CSAA to defend and indemnify him in the lawsuit.

CSAA denied Dagit's request, claiming that Dagit's homeowner's policy did not cover the incident on January 12, 2019, because Dagit's actions were

intentional and therefore did not constitute an "occurrence" as required for the policy to cover personal liability claims. As such, CSAA determined that it had no duty to defend or to indemnify Dagit in the matter filed by Casey and Hildawa. CSAA then filed a complaint for declaratory relief under 42 Pa.C.S.A. § 7532, seeking a declaration from the trial court that CSAA had no duty to defend or indemnify Dagit in the personal injury suit filed against him. Both Dagit and Casey and Hildawa filed an answer with new matter, and CSAA filed a reply. Following the close of pleadings, CSAA filed a motion for judgment on the pleadings. In its motion, CSAA once again sought the court's declaration that it had no duty to defend or to indemnify Dagit in the personal injury lawsuit.

On September 15, 2020, the trial court entered an order denying CSAA's petition. It also ordered CSAA to defend Dagit in the personal injury lawsuit. CSAA filed a motion for reconsideration and, in the alternative, a motion for the court to amend the September 15, 2020 order to allow for an interlocutory appeal by permission pursuant to Pa.R.A.P. 1311 and 42 Pa.C.S.A. § 702(b) ("Section 702(b)").

The trial court denied the motion on October 6, 2020. CSAA filed a timely notice of appeal, seeking to appeal both the September 15, 2020 order and the October 6, 2020 order. The trial court directed CSAA to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. CSAA filed a statement, essentially alleging two issues. The first, which spanned three

pages and had four subsections and three sub-subsections, alleged that the trial court had improperly denied CSAA's petition for judgment on the pleadings. *See* Statement of Matters Complained of on Appeal, 10/22/2020, at 1-3. The second issue alleged that the trial court had abused its discretion when it "failed to certify its September 15, 2020 Order for immediate appeal to" this Court. *Id*. at 4.

In response, the trial court issued a Pa.R.A.P. 1925(a) opinion. The court first found that it had not erred by concluding that CSAA had a duty to defend Dagit, emphasizing that a duty to defend arises "whenever an underlying complaint may potentially come within the insurance coverage of the policy." Trial Court Opinion, 12/7/20, at 5 (*citing* **Erie Ins. Exch. v. Claypoole,** 673 A.2d 348, 355 (Pa. Super. 1996)). The trial court found, in essence, that because the complaint alleged that Dagit acted negligently and recklessly in addition to its allegation that Dagit acted intentionally, Casey and Hildawa's claims may potentially come within the coverage of Dagit's homeowner's policy. As such, the court concluded that CSAA had a duty to defend Dagit against those claims. The court also concluded that it had not abused its discretion by declining to certify the September 15, 2020 order for immediate appeal pursuant to Section 702(b).

In its initial brief to this Court, CSAA's argument section is dedicated to challenging the court's denial of its petition for judgment on the pleadings. Before we can reach this substantive claim, however, we must first determine

whether the court's September 15, 2020 order is appealable as that implicates our jurisdiction. *See Schmitt v. State Farm Mut. Auto. Ins. Co.*, 245 A.3d 678, 681 (Pa. Super. 2021). Although CSAA has abandoned its claim that the trial court erred by failing to certify the September 15, 2020 order for appeal pursuant to Section 702(b),[1] CSAA now summarily asserts in its brief's statement of jurisdiction section that this Court has jurisdiction over this appeal because the September 15, 2020 order was actually a final order and therefore appealable. CSAA maintains that the finality of the order stems from Pa.R.A.P. 341(b)(1), which provides that an order that disposes of all claims or parties is a final order, and Section 7532 of the Declaratory Judgments Act, which provides:

> Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed … The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

42 Pa.C.S.A. § 7532.

Dagit counters in the statement of jurisdiction section in his brief that this Court does not have jurisdiction pursuant to Pa.R.A.P. 341(b)(1) because CSAA's declaratory judgment action sought a declaration on two issues: that

---

[1] CSAA asserts that it only argued in its motion below that the trial court should certify the order for immediate appeal pursuant to Section 702(b) "in anticipation of the trial court or opposing counsel challenging this Court's jurisdiction" and out of an "abundance of caution." Appellant's Brief at 1, 8.

CSAA did not have a duty to defend and that it did not owe Dagit indemnification. Dagit maintains that because the court only ruled on CSAA's duty to defend, and did not rule on its duty to indemnify Dagit, the September 15, 2020 order did not dispose of all of the claims and therefore was an interlocutory appeal.

In its reply brief, CSAA responds in its argument section that under our case law, "an order entered in an action filed for declaratory relief is a final, appealable order, if, as in this case, it addresses all claims and effectively declares the rights and duties of the parties." Appellant's Reply Brief at 7. To that end, CSAA argues that the claims raised in its petition for judgment on the pleadings sought nothing more than declaratory relief, and because the trial court ruled on that, the court's September 15, 2020 order is a "final order thereby entitling CSAA to immediately appeal that decision." **See id.** at 7-8. We agree.

As a general rule, this Court only has jurisdiction over appeals taken from a final order. **See Schmitt**, 245 A.3d at 681. A final order is one that disposes of all the parties and all the claims or is entered as a final order pursuant to the trial court's determination under Pa.R.A.P. 341(c). **See id.**; Pa.R.A.P. 341(b)(1),(3). However, an appeal may also be taken from interlocutory orders by permission pursuant to Pa.R.A.P. 1311 and Section 702(b) as well as from certain interlocutory orders as of right, including "an order that is made final or appealable by statute or general rule, even though

the order does not dispose of all claims and all parties." Pa.R.A.P. 311(a)(8); *see also* 42 Pa.C.S.A. § 702(a).

CSAA points to several cases to support its assertion that the September 15, 2020 order is final and appealable, leading with our Supreme Court's decision in ***Nationwide Mut. Ins. Co. v. Wickett***. 763 A.2d 813 (Pa. 2000). There, a trial court order declared the rights of the plaintiffs relative to some, but not all, of the defendants. Even though claims against some of the defendants remained outstanding, this Court held that the order was final and appealable pursuant to Pa.R.A.P. 341(b)(2) (rescinded), which was the predecessor to Pa.R.A.P. 311(a)(8).[2] In so holding, the Supreme Court explained that under Section 7532, "an order in a declaratory judgment action that either affirmatively or negatively declares the rights and duties of the parties constitutes a final order." ***Id***. at 818.

Our Supreme Court also examined the appealability of an order issued in a declaratory judgment action in ***General Acc. Ins. Co. of America v. Allen***, 692 A.2d 1089 (Pa. 1997), which had circumstances similar to those before us now. In ***Allen***, the grandchildren of Eugene Allen filed personal injury claims against him for sexual abuse that occurred in his home. Allen

---

[2] Rule 311(a)(8) replaced former Rule 341(b)(2) effective April 1, 2016. However, as the Supreme Court has stated, "the rules are functionally equivalent in that they both explain that an order is final if it is defined as final by statute." ***Pennsylvania Manufacturers' Ass'n. Ins. Co. v. Johnson Matthey, Inc.***, 188 A.3d 396, 399 n.4 (Pa. 2018).

had a homeowner's policy with General Accident, and General Accident eventually sought a declaration that it had no duty to defend or indemnify Allen in the lawsuit because Allen's actions were intentional and therefore not covered by his policy. However, the court noted that the lawsuit had also raised negligence allegations against Allen, and ruled that General Accident had a duty to defend Allen with respect to the negligence allegations.

General Accident appealed, and the Supreme Court granted allocatur, limited to the question of "whether a trial court's determination of an insurer's duty to defend is appealable, particularly where the trial court had not yet determined the insurer's duty of indemnification." *Id.* at 1092 (footnote omitted). In finding that the order was appealable, the Court explained:

> If [a] complaint against [an] insured avers facts that would support a recovery covered by the policy then coverage is triggered and the insurer has a duty to defend until such time that the claim is confined to a recovery that the policy does not cover. The duty to defend also carries with it a conditional obligation to indemnify in the event the insured is held liable for a claim covered by the policy. Although the duty to defend is separate from and broader than the duty to indemnify, both duties flow from a determination that the complaint triggers coverage.
>
> In the present case, the trial court's order declared that General Accident had a duty to defend [Allen] in the underlying lawsuit. Pursuant to 42 Pa. C.S. §7532, this affirmative declaration of General Accident's duty has the force and effect of a final judgment. 42 Pa. C.S. § 7532; *see also Redevelopment Authority [of Cambria County v. Int'l Ins. Co.*, 685 A.2d 581 (Pa. Super. 1996) (holding that the trial court's order resolving an insurer's duty to defend but not its duty to indemnify was a final order)]. Because the trial court's order is expressly defined as final by 42 Pa. C.S. §7532, General Accident may appeal the order as of right pursuant to Pa.R.A.P. 341(b)(2) [the predecessor to

Pa.R.A.P. 311(a)(8)], which permits an appeal as of right from any order that is expressly defined as a final order by statute.

Additionally, the trial court's order is final pursuant to Pa.R.A.P. 341(b)(1) because it resolves all claims in the declaratory judgment action. …[T]he trial court determined that the underlying complaint against [Allen] triggered coverage. In reaching this conclusion, the trial court necessarily determined also that General Accident had a duty to defend [Allen] and a duty to indemnify [Allen] in the event [he was] held liable for the claims covered by the policy. Thus, the trial court's determination that the underlying complaint triggered coverage disposed of all remaining claims in the declaratory judgment action, making the order final and appealable pursuant to Pa.R.A.P. 341(b)(1).

*Allen,* 692 A.2d at 1095-1096 (citations omitted).

Applying *Allen* to the instant case, the order issued by the trial court declaring that CSAA had a duty to defend Dagit is final and appealable pursuant to Pa.R.A.P. 341(b)(1) as well as Pa.R.A.P. 341(b)(2)'s replacement found at Pa.R.A.P. 311(a)(8). Dagit's claim that the September 15, 2020 order remained interlocutory and unappealable because it only resolved CSAA's duty to defend and did not specifically resolve CSAA's duty to indemnify is plainly without merit under *Allen*.

We recognize that both our Supreme Court and this Court have limited the breadth of when an order declaring an insured's duties will be deemed final, most notably in *Pennsylvania Bankers v. Pa. Dep't of Banking*, 948 A.2d 790 (Pa. 2008) and *Bolmgren v. State Farm Fire and Cas. Co.*, 758 A.2d 689 (Pa. Super. 2000). Neither of these decisions, however, alters our conclusion that the trial court's order here is final and appealable.

In **Pennsylvania Bankers**, certain banks filed a complaint against the Pennsylvania Department of Banking asserting different theories for declaratory relief, including several constitutional claims. The Commonwealth Court sustained the Department's preliminary objections in the nature of a demurrer as to some, but not all, of the banks' constitutional claims. In concluding that this order was not an appealable final order, our Supreme Court stated that the Commonwealth Court's order merely narrowed the scope of the banks' declaratory judgment action, which raised alternative theories of relief, and did not definitively dispose of all the claims in the declaratory action. **See id**. at 796, 798, 799. As such, the order did not "represent an affirmative or negative declaration of the parties' rights within the meaning of 42 Pa.C.S. § 7532 because alternative avenues of relief can still be pursued against the same parties in the courts below." **Id**. at 800.

The circumstances in **Pennsylvania Bankers** are notably different than those here, where the court's order did not merely narrow the scope of the dispute but effectively disposed of all the claims in the declaratory judgment action. **See also Pennsylvania Manufacturers' Ass'n. Ins. Co.,** 188 A.3d at 400 (holding that an order denying the insurer's motion for summary relief arguing that it had no duty to defend or indemnify the insured was interlocutory as the court did not resolve the counterclaims filed by the insured, which included the insured's own declaratory judgment claims related to the scope of the insurer's duty to defend and indemnify).

Similarly, in ***Bolmgren v. State Farm Fire and Cas. Co.,*** 758 A.2d 689, 691 (Pa. Super. 2000), this Court held that an order declaring a party's duties was not appealable because the order left other non-declaratory judgment claims outstanding. Specifically, Bolmgren brought an action against State Farm seeking relief in the form of declaratory judgment as well as damages. ***See id***. at 690. The trial court granted summary judgment regarding the declaratory judgment claims but did not rule as to the damages claim. ***See id***. At 691. This Court held that "the order [was] not final since it [did] not dispose of the claim of damages raised in the complaint, in addition to the request for declaratory judgment." ***Id.*** at 691 n.1. The ***Bolmgren*** court specifically differentiated that case from our opinion in ***Redevelopment Authority of Cambria*** by explaining:

> In [***Redevelopment Authority of Cambria***] the complaint sought relief in the form of declaratory judgment that [the insurer] owed a duty to defend and to indemnify [the insured] in an action filed by a third party. In that case, the order was final because the trial court's determination that [the insurer] had a duty to defend the third party claim effectively ended the litigation. Here, in addition to the declaration of rights, the trial court was asked to award damages under the policy. … [As the trial court did not address this request], the order is not final.

***Bolmgren***, 758 A.2d at 691 n.1.

As CSAA points out, the only claims at issue in its petition for judgment on the pleadings were for declaratory relief. There were no other claims regarding damages or other non-declaratory judgment claims left outstanding when the trial court issued its September 15, 2020 order denying the petition

and ordering CSAA to defend Dagit in the underlying action. That order is final and appealable, and we therefore turn to the substantive claim raised by CSAA.

CSAA argues the trial court erred by denying its petition for judgment on the pleadings and finding that it had a duty to defend Dagit. Specifically, CSAA continues to argue that Dagit's punching of Casey and Hildawa was intentional, and therefore not an "occurrence," *i.e.* an accident, as required for the homeowner's policy to cover personal liability claims. CSAA also argues that Dagit's actions were not covered by the policy because the policy excludes coverage for bodily injury caused by an insured's intentional acts. Further, CSAA complains that in reaching its conclusion that CSAA had a duty to defend Dagit, the trial court erred by relying on the underlying complaint's legal conclusions, rather than factual allegations, and also erred by relying on the complaint's allegation that Dagit appeared intoxicated at the time of the incident. CSAA also maintains that because Dagit pleaded guilty to simple assault for the incident, he has waived any right to allege self-defense.

In rejecting these claims in its Pa.R.A.P. 1925 (a) opinion, the trial court first outlined the relevant law regarding judgment on the pleadings. **See** Trial Court Opinion, 12/7/20, at 4-5. The court then outlined the law regarding an insurer's duty to defend under an insurance policy, reiterating that such an obligation is to be determined solely by the factual allegations of the complaint and those allegations must be liberally construed with all doubts regarding

coverage to be resolved in favor of the insured. ***See id***. at 5. The court stressed that an insurer's duty to defend arises whenever those factual allegations may potentially bring the complaint within the coverage of the policy. ***See id***. at 5.

The trial court then addressed each one of the sections and subsections raised by CSAA in its Pa.R.A.P. 1925(b) statement. ***See id***. at 6-12. In general terms, the trial court found that where an underlying complaint, such as the one in the instant case, pleads both intentional and unintentional torts, the plaintiffs' claims may potentially come within the coverage of an insurance policy that covers occurrences. ***See id***. at 6. The trial court found that the underlying complaint here sufficiently averred facts and claims for negligence, which left "the possibility that a jury could find [Dagit's] conduct to be unintentional and thus within the ambit of the definition of 'occurrence' as defined under the policy." ***Id.*** at 6. The trial court then distinguished a number of the cases cited by CSAA in support of its assertion that it had no duty to defend Dagit. ***See id***. at 7.

The trial court then addressed and rejected CSAA's claim that the court had erroneously relied upon legal conclusions rather than factual averments in finding that Casey and Hildawa's claims may potentially come within the coverage of the policy and its definition of occurrence. ***See id***. at 8-9. The court also dismissed CSAA's claim that the court improperly considered Dagit's answer and new matter and his arguments relating to self-defense as a reason

for denying the motion for judgment on the pleadings, saying that "the [c]ourt was well aware of the controlling law requiring that it look solely to the allegations in the [u]nderlying [c]omplaint, and the court did just that." *Id*. at 9. The trial court also explained in detail why Dagit's guilty plea to simple assault did not preclude Dagit from raising a claim of self-defense, *see id*. at 9-12, and why he had not waived his ability to assert a self-defense claim, *see id*. at 12.

After reviewing the court's opinion, as well as the parties' briefs, we can discern no error or abuse of discretion in the trial court's denial of CSAA's petition for judgment on the pleadings and its concomitant declaration that CSAA had a duty to defend Dagit in the underlying action filed against him. *See Coleman v. Duane Morris, LLP*, 58 A.3d 833, 836 (Pa. Super. 2012) (stating that when reviewing a trial court's denial of a motion for judgment on the pleadings for alleged error, this Court applies the same standard employed by the trial court when ruling on such a motion: a trial court may enter a judgment on the pleadings when there are no disputed issues of fact and a party is entitled to judgment as a matter of law); *National Cas. Co. v. Kinney*, 90 A.3d 747, 753 (Pa. Super. 2014) (stating that this Court's standard of review in a declaratory judgment action is limited to determining whether the trial court clearly abused its discretion or committed an error of law). We affirm on the basis of the court's opinion, and attach a copy of that opinion for ease of reference.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/22/2021</u>

Case# 2020-06445-30 Docketed at Montgomery County Prothonotary on 12/07/2020 3:13 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| CSAA AFFINITY INSURANCE COMPANY | : | **LOWER COURT DOCKET:** |
| | : | **No. 2020-06445** |
| Plaintiff | : | |
| v. | : | |
| | : | |
| CHARLES DAGIT; MA ROSARIO | : | **1937 EDA 2020** |
| HILDAWA; AND CHRISTOPHER CASEY | : | |
| | : | |
| Defendants | : | |

## OPINION

**Page, J.**

*December 7, 2020*

Plaintiff appeals from this Court's Order dated September 15, 2020 denying Plaintiff's Motion for Judgment on the Pleadings and this Court's Order of October 6, 2020 denying Plaintiff's "Motion for Reconsideration and Motion to Amend the Court's September 15, 2020 Order for Purpose of Taking an Interlocutory Appeal." For the reasons set forth below, Plaintiff's appeal is without merit. Therefore, any claim of error on the part of this Court should be dismissed, and the Orders should be affirmed.

## FACTS AND PROCEDURAL HISTORY

This case arises out of an insurance coverage dispute regarding whether Plaintiff CSAA Affinity Insurance Company has an obligation to defend and/or indemnify Defendant Charles Dagit for injuries sustained by Christopher Casey and Ma Rosario Hildawa (the "Underlying Plaintiffs") in *Rosario Hildawa and Christopher Casey v. Charles Dagit*, C.C.P. Mont. County, Docket No. 2020-03174 (the "Underlying Action"). The Underlying Complaint alleges that on January 12, 2019, the Underlying Plaintiffs sustained personal injuries when Defendant Charles Dagit ("Defendant") struck them during a dispute involving Underlying Plaintiffs' removal of

1

Case# 2020-06445-30 Docketed at Montgomery County Prothonotary on 12/07/2020 3:13 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

firewood from Defendant's property. *See* Pl.'s Motion for Judgment on the Pleadings ("Pl.'s Mot.") at Ex. A, ¶¶ 17-20.

Specifically, the Underlying Complaint alleges the following:

> 9. Ms. Hildawa and Mr. Casey parked their car near the subject firewood and began loading some of the subject firewood into the trunk of their car.
> [...]
> 12. All the while, Defendant Dagit acted enraged and appeared to Ms. Hildawa and Mr. Casey **to be under the influence of alcohol**.
> [...]
> 68. Defendant Dagit's above acts against her were outrageous in that they were malicious, wanton, willful or oppressive, **and/or were with reckless indifference** to Ms. Hildawa's rights or interests, thereby meriting the imposition of punitive damage judgment in her favor.
> [...]
> 74. Defendant Dagit's above acts against her were outrageous in that they were malicious, wanton, willful or oppressive, **and/or were with reckless indifference** to Ms. Hildawa's rights or interests, thereby meriting the imposition of punitive damages against him.
> [...]
> 77. At all times material to this Complaint, Defendant Dagit owed a duty of due care to Ms. Hildawa.
> 78. On the above date and approximate time and at the above location, Defendant Dagit acted in **careless disregard** for the safety of Ms. Hildawa by **negligently** putting Ms. Hildawa in reasonable and immediate fear of harmful or offensive contact with her body.

*See* Pl.'s Mot. at Ex. A, ¶¶ 9, 12, 68, 74, 77-78.

The Court notes that same averments as those appearing in ¶¶ 9, 12, 68, 74, 77-78 of the Underlying Complaint also appear at ¶ 89 and ¶ 95 (alleging that Defendant acted with "reckless indifference" to Mr. Casey's rights or interests as falling under the counts of assault and battery), as well as at ¶ 98-99 (alleging that Defendant acted in "careless disregard" for Mr. Casey's safety by "negligently" putting him in fear of harmful or offensive contact with his body). Nowhere in the Underlying Complaint is it specifically alleged that Defendant intended to harm the Underlying Plaintiffs.

2

Plaintiff initiated a declaratory judgment action when it filed a Complaint on May 27, 2020. *See* Docket Entry 0. Underlying Plaintiffs—also Defendants in the instant action—filed their Answer with New Matter on June 16, 2020. *See* Docket Entry 7. Plaintiff filed a Reply to said Answer with New Matter on July 8, 2020. *See* Docket Entry 8. Defendant Charles Dagit filed an Answer with New Matter on July 8, 2020, to which Plaintiff filed a Reply on July 27, 2020. *See* Docket Entry 11. Following the close of pleadings, Plaintiff filed a motion for judgment on the pleadings, to which Defendant Charles Dagit and the Underlying Plaintiffs filed responses. *See* Docket Entries 15-17. In an Order dated September 15, 2020, the Court denied Plaintiff's Judgment on the Pleadings. *See* Docket Entry 21. Plaintiff filed a "Motion to Reconsider or Alternatively, to Amend the Court's September 15, 2020 Order," which the Court denied in an Order dated October 6, 2020. *See* Docket Entries 22; 24.

Plaintiff filed a timely Notice of Appeal on October 8, 2020. *See* Docket Entry 25.

## ISSUES

Plaintiff's Concise Statement is reproduced verbatim below:

1. Respectfully, the Trial Court committed an error of law and/or abused its discretion when it denied CSAA's Motion for Judgment on the Pleadings in regards to its application of the clear and unambiguous language of Charles Dagit's insurance Policy to the factual allegations contained in the Liability Complaint filed in the Litigation Ma [Rosario] Hildawa and Christopher Case v. Charles Dagit, Mont Cty, Feb term 2020, No: 20-3174 and ordered CSAA to defend Defendant Dagit, to wit:
   a. The Trial Court misapplied the law to the insurance policy and the factual allegations pled in Liability Complaint when it ruled that CSAA owed a duty to defend Defendant Dagit, implicitly holding that the factual allegations constituted an "occurrence" when there was nothing accidental or fortuitous about Defendant Dagit striking Defendants Casey and Hildawa with a closed fist in what Defendants Casey and Hildawa described as an attack that occurred "suddenly and without warning or provocation."
   b. The Trial Court misapplied the law to the insurance policy and the factual allegations pled in the Liability Complaint when it ruled that CSAA owed a duty to defend Defendant Dagit in contravention of the Policy's Intentional Act Exclusion. To wit, the 104 paragraphs comprising the Liability Complaint, which pleading incorporated the investigation by police and criminal charges against Defendant Dagit, detail conduct that is no different from those that Pennsylvania's appellate decisions under

3

Case# 2020-06445-30 Docketed at Montgomery County Prothonotary on 12/07/2020 3:13 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2020-06445-30 Docketed at Montgomery County Prothonotary on 12/07/2020 3:13 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

substantially similar circumstances and policy language finding no coverage under the Intentional Acts Exclusion.

c. The Trial Court misapplied the law to the extent that it accepted the conclusions of law pled in paragraphs 68, 74, 77-78, 89, 95 and 98-99 over the factual allegations contained in the Liability Complaint.

d. The Trial Court was not permitted as a matter of law to consider Mr. Dagit's Answer in the Liability Litigation or his Answer and New Matter in the Declaratory Judgment action that he acted in self-defense as part of its coverage analysis as under Pennsylvania law an insurer's obligation to defend is fixed solely by the allegations in the underlying complaint. *Kvaerner Metals Div. of Kvaener U.S. v. Com. Union Ins. Co.*, 908 A.2d 888 (Pa. 2006); *Aetna Cas. & Sur. Co. v. Roe*, 650 A.2d 94, 98 (Pa. Super. 1994).

   i. Even if the court confined its analysis to the Liability Complaint, the factual allegations pled not only do not suggest that Defendant Dagit acted in self-defense, but he also could not raise the defense based on his guilty plea to the criminal charges. Since one defense to a criminal charge of assault is self defense (*Commonwealth v. Perez*, 2016 Phila.Ct.Cm.Pl. LEXIS 590 (Nov. 7, 2016), when he pled guilty to simple assault, he gave up his right to claim that his actions were taken in self-defense (*see e.g., Commonwealth v. Moyer*, 497 Pa. 643, 444 A.2d 101 (1982)) thereby prohibiting coverage under the Policy's exception to the intentional act exclusion.

   ii. The facts alleged in the Liability Complaint show that Defendant Dagit was the aggressor and, as such, the exception to the Policy's Intentional Act Exclusion was not triggered such that CSAA would owe a duty to defend Defendant Dagit.

   iii. Defendant Dagit cannot, as a matter of law, claim that CSAA waived and/or is estopped from asserting any coverage defenses in this litigation since Defendant Dagit did not plead that defense in his New Matter as required under Pa.R.Civ.P. Section 1032; *see also March v. Paradise Mut. Ins. Co.*, 646 A.2d 1254, 1255-56 (Pa.Super. 1994).

2. The Trial Court respectfully committed an error o[f] law and/or abused its discretion when it failed to Certify its September 15, 2020 Order for immediate appeal to the Pennsylvania Superior Court.

## LEGAL STANDARD

"After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). Judgment on the pleadings may be entered "when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law." *Consolidation Coal Co. v. White*, 875 A.2d 318, 325 (Pa. Super. 2005) (citation omitted). "In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents." *Id.* In reviewing an order

4

granting judgment on the pleadings, "the standard of review of a grant of a motion for judgment on the pleadings is limited." *In re Weidner*, 938 A.2d 354, 358 (Pa. 2007) (citations omitted). "A motion for judgment on the pleadings will be granted where, on the facts averred, the law says with certainty that no recovery is possible." *Lindstrom v. City of Corry*, 763 A.2d 394, 396 (Pa. 2000). Where an appeal presents a question of law, as is the case in the instant appeal, the scope of review is plenary. *Id.*

## ANALYSIS

### I.   "Occurrence" v. Intentional Act – Issues 1(a)-(c)

"It is well established that an insurer's duties under an insurance policy are triggered by the language of the complaint against the insured." *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 (Pa. 2006). "[T]he rule everywhere is that the obligation of a casualty insurance company to defend an action brought against the insured is to be determined *solely* by the allegations of the complaint in the action[.]" *Id.* (quoting *Wilson v. Maryland Casualty Co.*, 105 A.2d 304, 307 (Pa. 1954)). "In making this determination, the factual allegations of the complaint are taken to be true and the complaint is to be **liberally construed** with all doubts as to whether the claims may fall within the coverage of the policy to be resolved **in favor of the insured.**" *Biborosch v. Transamerica Ins. Co.*, 603 A.2d 1050, 1052 (Pa. 1992) (citing *Cadwallader*, 152 A.2d at 509) (emphasis added).

An insurer's duty to defend an insured in litigation is broader than the duty to indemnify, with the duty to defend arising "whenever an underlying complaint may *potentially* come within the insurance coverage of the policy." *See Erie Ins. Exch. v. Claypoole*, 673 A.2d 348, 355 (Pa. Super. 1996) (emphasis added). "If the complaint filed against the insured avers facts which would support a recovery that is covered by the policy, it is the duty of the insurer to defend until such

5

Case# 2020-06445-30 Docketed at Montgomery County Prothonotary on 12/07/2020 3:13 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

time as the claim is confined to a recovery that the policy does not cover." *Erie Ins. Exch. v. Transamerica Ins. Co.*, 533 A.2d 1363, 1368 (Pa. 1987) (citing *Cadwallader v. New Amsterdam Casualty Co.*, 152 A.2d 484 (Pa. 1959)). Under Pennsylvania law, where a complaint pleads both intentional and unintentional torts, a plaintiff's claims "may potentially come within the coverage" of an insurance policy that covers accidents:

> [Plaintiff]'s complaint alleges **alternative theories of recovery**. [Plaintiff] alleges that his injuries were either the result of an "accident," or intentional **or negligent acts** of the insured Eagle Bar and/or its employees. We find that because [Plaintiff]'s claims *may potentially come within the coverage* of the Britamco policy, Britamco owed its insured a duty to defend.

*See Britamco Underwriters, Inc. v. Weiner*, 636 A.2d 649, 652 (Pa. Super. 1994) (emphasis added).

Issue (1)(a) of Plaintiff's concise statement alleges that the Court erred in finding that the factual allegations of Defendant's conduct in the Underlying Complaint potentially constitute an "occurrence," i.e., an "accident," contending that Defendant's striking of Underlying Plaintiffs could not be anything but intentional. Looking strictly within the four-corners of the document as required under *Kvaerner Metals*, the Underlying Complaint sufficiently avers facts and claims for negligence—leaving the possibility that a jury could find Defendant's conduct to be unintentional and thus within the ambit of the definition of "occurrence" as defined under the policy. Specifically, the Underlying Plaintiffs aver that Defendant acted with "reckless indifference" and "careless disregard," pleading negligence as one of their causes of action. *See* Pl.'s Mot. at Ex. A, ¶¶ 9, 12, 68, 74, 77-78, 89, 95, 98-99. Clearly, the instant case presents a situation similar to that in *Britamco*, where the Underlying Complaint avers alternative theories of recovery, some of which are based on allegations of negligent acts lacking an intention requirement and thus bringing Defendant's conduct within the scope of "occurrence" as defined in the insurance policy.

6

In its motion for judgment on the pleadings, Plaintiff cites a number of cases that are factually inapposite to the instant case, involving facts in which the underlying complaint only pled intentional torts. For example, in the *Gene's Restaurant* case cited by Plaintiff, the Pennsylvania Supreme Court found in favor of the insurer, though this ruling was based on the fact that the underlying complaint only pled "willful and malicious assault and beating," not claims of negligence as in the instant case. *See Gene's Restaurant Inc. v. Nationwide Insurance Co.*, 548 A.2d 246, 246 (Pa. 1988). Similarly, the *Westfield* case cited by Plaintiff is inapposite because the underlying complaint in that action alleges neither negligent or accidental conduct, unlike the instant Underlying Complaint, which alleges negligent, reckless, and careless conduct on the part of Defendant. *See Westfield Ins. Co. v. Granese*, 2011 U.S. Dist. LEXIS 11118 (E.D. Pa. Feb. 4, 2011).

Significantly, the Court will note that the cases cited by Plaintiff can also be distinguished from the instant matter by virtue of Underlying Plaintiffs in this case alleging that Defendant was "under the influence of alcohol[.]" *See id.* at ¶ 12. This allegation of Defendant's intoxication alone creates the potential for finding Defendant could not form the requisite intent required to bar his conduct from qualifying as an "occurrence" covered by the policy. This is particularly so given that the Court must "liberally construe" the Underlying Complaint to resolve all doubts of cover "in favor of the insured," as the Supreme Court directs for insurance coverage cases such as this one. *Biborosch*, 603 A.2d at 1052.

Next, issue (1)(b) of the concise statement alleges that the Court erred in determining that Defendant's conduct could still be characterized as an "occurrence" under the policy in spite of the police investigation and criminal charges against Defendant. Essentially, Plaintiff suggests that the criminal charges against Defendant place his conduct in direct contravention of the policy's

7

Case# 2020-06445-30 Docketed at Montgomery County Prothonotary on 12/07/2020 3:13 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

intentional act exclusion, with Defendant's actions unable to be characterized as anything but intentional under the facts pled and Defendant's guilty plea for simple assault. Because this issue substantially overlaps with the analysis required for issues (1)(d)(i)-(ii), the Court will address this issue in detail in Section II *infra*. As to Plaintiff's allegation here that the Court's ruling is contrary to the intentional acts pled in the 104 paragraphs of the Complaint, this contention is duplicative of the issue already addressed in relation to issue (1)(a) *supra*.

To the extent that issue (1)(c) alleges the Court erred in considering the averments at paragraphs 68, 74, 77-78, 89, 95 and 98-99 of the Underlying Complaint, said concern is misplaced. As discussed *supra*, numerous Pennsylvania law cases hold that complaints containing counts for unintentional torts and allegations of negligent, careless, reckless, or wanton conduct necessitate finding that claims could *potentially* come within the coverage of a policy that bars coverage for intentional acts. *See, e.g., Britamco*, 636 A.2d 649; *Nationwide Mut. Fire Ins. Co. v. McNulty*, No. CIV. A. 96-7304, 1997 WL 805165, at *2–3 (E.D. Pa. Dec. 30, 1997) (holding that there is a compelling case for the duty to defend so long as a complaint alleges negligent or reckless conduct that "plausibly support a number of scenarios not involving intentional torts"); *see also Millers Mut. Ins. Co. v. Euler*, 39 Pa. D. & C.4th 44, 49–50 (Com. Pl. 1997) (holding that an insurer must defend insured where the underlying plaintiff "alleged that her injuries resulted from [defendant's] negligence…irrespective of her allegation that [Defendant] intended to injury").[1]

Even if the Superior Court is swayed by Plaintiff's argument that said paragraphs are not "factual allegations" and should be ignored, Plaintiff cannot deny that the Underlying Complaint includes factual averments of Defendant's alleged intoxicated state at the time of the incident. As

---

[1] The Court notes that *McNulty* and *Euler* are both non-precedential decisions, as district court and trial court opinions respectively. The Court merely cites these as other examples of Pennsylvania Courts coming to similar conclusions as the Court in *Britamco*, a binding, precedential case.

8

discussed *supra*, the factual allegation of Defendant's intoxication alone is enough to suggest the possibility of non-intentional conduct on the part of Defendant—enough so that the "underlying complaint may *potentially* come within the insurance coverage of the policy" and its definition of "occurrence." *See Claypoole*, 673 A.2d at 355.

## II.    Answer and New Matter: Self-Defense – Issues d(i)-(iii)

Issue (1)(d) of Plaintiff's Concise Statement contends that the Court erred by considering Defendant's Answer and New Matter in the Underlying Action, improperly using his arguments relating to self-defense as the reason for denying Plaintiff's motion for judgment on the pleadings. This claim of error is factually untrue. As discussed at length *supra*, Pennsylvania law is clear in its requirement that a court is bound to determine an insurer's obligation to defend by looking "solely" to "the language of the complaint against the insured." *See Kvaerner*, 908 A.2d at 896. Here, the Court was well aware of the controlling law requiring that it look solely to the allegations in the Underlying Complaint, and the Court did just that in deciding Plaintiff's motion for judgment on the pleadings. Contrary to Plaintiff's assertions, there is sufficient language within the four-corners of the Underlying Complaint to establish that the Underlying Plaintiffs' injuries could have fallen within the policy's definition of "occurrence," from the inclusion of theories of recovery under which Defendant could be found guilty of "negligent" or "reckless" conduct to the inclusion of allegations of intoxication potentially mitigating intent, as discussed *supra*. Therefore, the Court need not have—and did not—look to Defendant's Answer, New Matter, and Counterclaims to justify denying Plaintiff's motion for judgment on the pleadings.

In issues (1)(d)(i) and (1)(d)(ii), Plaintiff contends that even if the trial court properly confined its analysis to the allegations in the Underlying Complaint, the factual allegations pled could not possibly trigger an exception to the policy's intentional act exclusion in light of his guilty

9

plea for simple assault. This contention is without merit. In support of its argument that Defendant's guilty plea to simple assault precludes Defendant from claiming self-defense at trial, Plaintiff cites to *Com. v. Moyer*, apparently for the proposition that "[n]ormally, a plea of guilty constitutes a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence and the validity of the plea." 444 A.2d 101, 102 (Pa. 1982). While it is true that "it is well settled that a guilty plea constitutes an admission to all of the facts averred in the indictment" and that a criminal conviction "may be used to establish the operative facts in a subsequent civil case based on those same facts," Defendant's guilty plea in the instant case would not bar a jury from potentially finding his actions to be unintentional. *See Commw, Dep't of Transp. v. Mitchell*, 535 A.2d 581, 585 (Pa. 1987) (citing *Commonw. ex rel. Walls v. Rundle*, 198 A.2d 528 (Pa. 1964)). Preliminarily, *Mitchell* can be distinguished from the present case in that here, unlike in *Mitchell*, there was neither an indictment nor a "guilty plea hearing [at which] all of the facts alleged in the indictment were" admitted as true. *Id.* at 584-85. Instead of a guilty plea hearing, there is only a police officer's affidavit of probable cause. *See* Pl.'s Mot. at Ex. A.

Further, "where the criminal proceedings [do] not establish the extent, if any, of [an insured's] **conscious awareness** of his action or the **substantial likelihood** of the results, [a guilty plea] cannot conclusively establish a bar to recovery under [an insured's] homeowner's policy." *Stidham v. Millvale Sportsmen's Club*, 618 A.2d 945, 956 (Pa. Super. 1992) (emphasis added). Similarly, the Court in *State Farm Fire & Cas. v. Dunlavey* found that where "intentional conduct was not a necessary element" for the crimes a defendant was convicted of given that "[e]ach may be predicated on reckless conduct as alleged by plaintiff," a court would have "no way...to determine whether the criminal verdict was based on a finding of intentional conduct, which falls

10

within the insurance policy exclusion and is a bar to recovery in this action, or reckless conduct, which is covered by the policy under prevailing Pennsylvania case law." *State Farm Fire & Cas. v. Dunlavey*, 197 F. Supp. 2d 183, 188 (E.D. Pa. 2001).[2]

In the present case, Defendant entered into a guilty plea for simple assault, but Plaintiff is incorrect in asserting that said guilty plea proves Defendant's conduct was intentional and thus precluded from qualifying as an "occurrence" covered under the policy. Specifically, Defendant's guilty plea was for simple assault, defined as follows:

> **(a) Offense defined.**—Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:
> (1) attempts to cause or intentionally, knowingly or **recklessly** causes bodily injury to another;
> (2) **negligently** causes bodily injury to another with a deadly weapon;
> (3) attempts by physical menace to put another in fear of imminent serious bodily injury; [...]

*See* 18 Pa. C.S.A. § 2701.

By the plain language of § 2701, the Court has no way of determining whether Defendant's guilty plea to simple assault was predicated on intentional conduct as a necessary element, or whether his plea was predicated on recklessness or negligence. The statute plainly includes language offering non-intentional conduct as one basis for finding assault, thus by its very definition, the assault to which Defendant pled guilty potentially falls within the definition of "occurrence" or accidental conduct as contemplated for coverage by the insurance policy. Just as discussed in *Stidham*, this is a case where the criminal proceedings do "not establish the extent, if

---

[2] "While we recognize that federal district court cases are not binding on this court, Pennsylvania appellate courts may utilize the analysis in those cases to the extent we find them persuasive." *Braun v. Wal–Mart Stores, Inc.*, 24 A.3d 875, 954 (Pa. Super. 2011)(quoting *Stephens v. Paris Cleaners, Inc.*, 885 A.2d 59, 68 (Pa. Super. 2005)). The Court notes that while this case is not citable for binding precedential value as a Third Circuit case, this case's analysis is instructive and consistent with the reasoning found in *Stidham v. Millvale Sportsmen's Club*, 618 A.2d 945, 956 (Pa. Super. 1992), wherein a prior guilty plea did not bar recovery under an insurance policy due to ambiguity in the intent requirement underlying said guilty plea.

11

any, of [an insured's] **conscious awareness** of his action or the **substantial likelihood** of the results," thus the Court properly concluded that Defendant should not be barred from recovery under the insurance policy where the guilty plea itself supports finding that Defendant may have lacked the requisite intent to bar coverage for an "occurrence."

Last, issue (d)(iii) addresses Defendant's argument of waiver and/or estoppel of coverage defenses raised in his response in opposition to Plaintiff's motion for summary argument, arguing that Defendant cannot now assert said defenses after having not pled them in his New Matter. The Court need not address this allegation of error because the Court did not look beyond the allegations in the Underlying Complaint when rendering its ruling on Plaintiff's motion for judgment on the pleadings. Thus, to the extent that Defendant raised arguments of waiver and/or estoppel in either his answer to the complaint or his response to Plaintiff's motion for judgment on the pleadings, the Court did not consider these arguments, and the allegation of error in issue (d)(iii) must be dismissed.

## III.    Certification

Finally, in its last allegation of error, Plaintiff alleges that the Court erred in not certifying its September 15, 2020 Order for immediate appeal to the Pennsylvania Superior Court.

An appeal may be taken by permission from an interlocutory order:

(1) certified under 42 Pa.C.S. § 702(b) or for which certification pursuant to 42 Pa.C.S. § 702(b) was denied; see Pa.R.A.P. 312;
(2) for which certification pursuant to Pa.R.A.P. 341(c) was denied; or
(3) that determined that a defendant's motion to dismiss on the basis of double jeopardy is frivolous.

*See* Pa.R.A.P. 1311.

The following standard applies for determining whether to permit an appeal from an interlocutory order:

12

> When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order **involves a controlling question of law as to which there is substantial ground for difference of opinion** and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

*See* 42 Pa. C.S. § 702 (emphasis added).

Here, the issue presented does not involve a controlling question of law. As discussed *supra*, the law pertaining to whether Plaintiff must provide a defense to Defendant in the Underlying Litigation is not complex, directing simply that the Court look "solely" to "the language of the complaint against the insured." *See Kvaerner*, 908 A.2d at 896. In its motion for reconsideration, Plaintiff attempts to argue that the Court has implicated a "a controlling question of law as to which there is substantial ground for difference of opinion" by potentially relying on language in Defendant's Answer, New Matter, and Counterclaims—outside the language of the complaint—in ruling on Plaintiff's motion for judgment on the pleadings. As detailed in Sections I and II *supra*, the Court confined its analysis to the allegations pled in the Underlying Complaint, finding sufficient language in the Underlying Complaint to conclude that Underlying Plaintiffs' claims "may potentially come within the coverage" of Plaintiff in the instant action. Not only did the Underlying Plaintiffs' plead that their injuries could have resulted from Defendant's "negligent" or "reckless" conduct, but they also included factual averments alleging Defendant's intoxication during the incident in question. Under these facts found in the Underlying Complaint, a jury could reasonably find the Underlying Plaintiffs' injuries to potentially fall within the policy's definition of "occurrence." Thus, the Court properly found that the Underlying Complaint could "potentially come within the insurance coverage of the policy" and did not improperly look

13

to Defendant's Answer, New Matter, and Counterclaims to conclude such. *See Claypoole,* 673 A.2d at 355. Further, there is nothing to suggest the existence of any other "substantial ground for difference of opinion" as to any other issue.

Finally, the Court disagreed that immediate appeal would materially advance the ultimate termination of this case. To the contrary, an immediate appeal has only resulted in unnecessary delay in terminating the case—particularly where granting judgment on the pleadings would have been premature in light of the possibility that a jury could find ultimately Defendant's actions were merely negligent. Thus, the Court did not err in declining to certify its September 15, 2020 Order for immediate appeal to the Pennsylvania Superior Court, and Plaintiff's second issue must be dismissed.

## CONCLUSION

For all of the aforementioned reasons, this Court's decision and order should be **AFFIRMED**.

BY THE COURT:

GARRETT D. PAGE,        J.

This Order has been E-filed on 12-7-20
Served via e-filing to the parties of record
Interoffice mail to:
Court Administration, Civil Division

Judicial Secretary

14